NETCHER (UNITED STATES v.). See Case No. 15,866.

NETNAGLE (GRAIGHLE v.). . See Case No. 5,679.

NETTLETON v. The FANNY FOSDICK. See Case No. 4,641.

---

## Case No. 10,127.

### NETTLETON v. MORRISON.

[5 Dill. 503; [1] 23 Int. Rev. Rec. 187; 1 Month. Jur. 155; 16 Alb. Law J. 62; 1 N. W. Rep. (O. S.) 22.]

Circuit Court, D. Minnesota. 1877.

CONVEYANCE OF REALTY BY MINOR—DISAFFIRMANCE BY SUBSEQUENT CONVEYANCE.

A conveyance of land by a minor is voidable, not void, and where he disaffirms such act after coming of age, by conveying to a third person, the grantee in such subsequent conveyance, though taking the same with notice of the prior deed, is entitled to a decree quieting the title in himself without restoring the consideration paid for the voidable conveyance.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

This is an action to quiet title. The complainant [Edward C. Nettleton] purchased a tract of land from Norbert Grignon, and received a conveyance of the same January 27th, 1876, which was properly recorded. The defendant [Dorilus Morrison] claims under a prior deed executed June 8th, 1874, by Peter Zanzius, in the name of Norbert Grignon, by virtue of a power of attorney dated May 30th, 1874, properly executed to him by the latter. It is admitted that Grignon represented himself in the power of attorney as of lawful age, but was a minor when he executed it, and that he received the proceeds of this sale of the property; also, that he executed the deed to the complainant January 27th, 1876, just one year after he arrived at majority, and has never restored the money received from the defendant. [The question was, could this action be maintained without a tender back of the money paid by defendant?] [2]

S. L. Pierce, for plaintiff.
Bradley & Morrison, for defendant.

NELSON, District Judge. The minor having received the consideration for the property at the time of the conveyance under the power of attorney, made the deed his own act, and it was voidable, not void. When the previous deed to the defendant was revoked, the parties thereto were left to their legal rights and remedies. The defendant could recover from the minor the money paid, on account of failure of consideration, and, perhaps, under the circumstances, might subject him to a criminal prosecution [25 Wend. 401, and cases cited; but see 1 Johns. Cas. 127]; [3] but he cannot insist in this suit that the complainant must restore to him the money paid out, as a condition of the relief asked. Although the complainant had notice of the previous transfer by the record of the deed and the power of attorney, it is evident he also knew that Grignon was not bound by it, and could avoid it. Decree as prayed.