MARY C. HARDWICK *et al.* v. C. T. ATKINSON.

(Filed Aug. 24, 1899.)

1. CHATTEL MORTGAGE—*Second Lien—Rights of Parties.* A second mort-gagee who accepts a second chattel mortgage which refers in express terms to the first chattel mortgage, and covers the same property, accepts the same with full knowledge of the rights of the first mortgagee. He is not a *bona fide* purchaser or incumbrancer without notice, and cannot be heard to question the sufficiency of the description in the first mortgage.

2. PROMISSORY NOTE—*Pleading—Proof.* Where plaintiff founds his claim to the property in controversy upon a certain note and chattel mort-gage, and gives a copy of said note and chattel mortgage in his original pleadings, and makes it a part thereof, and the defendant does not deny the execution of such note and mortgage by affidavit, it is not necessary for the plaintiff to prove the execution thereof or the amount due.

3. NEW TRIAL—*Motion—Error.* Alleged error occurring in the trial, not raised in the trial court or set forth in the motion for a new trial, will not be considered for the first time in this court.

    (Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*Ed. L. Peckham,* for plaintiffs in error.

*J. E. Torrance,* for defendant in error.

## STATEMENT OF THE CASE.

Action by C. T. Atkinson against Mary C. Hardwick and W. P. Hardwick. This case was originally brought to recover possession of certain horses, hogs, and farm implements upon which plaintiff claimed a lien and a special ownership by virtue of a certain note and chattel, mortgage set forth in his petition, to which petition defendants filed a general denial. The facts are that on December 5, 1895, one Frank Lessert gave his note to the plaintiff, C. T. Atkinson, for the sum of $471.98, and at the same time executed a chattel mortgage to secure the same.. Afterwards, on the 2d day of January, 1897, the said Lessert executed and delivered to Mary C. Hardwick, one of the defendants, a chattel mortgage for $248.50 to secure a certain judgment which the said Mary C. Hardwick held against him; said mortgage being upon the same property as the one to Atkinson, and containing this clause, to wit: "And without incumbrance, except a mortgage to C. T. Atkinson." Hardwick afterwards took possession of the property under her mortgage, and Atkinson began proceedings in replevin. Case was tried by the court without a jury, and judgment rendered in favor of the plaintiff for the sum of $244.22 and costs. On the hearing on motion for new trial judgment was reduced $20, and judgment rendered by the court on the balance of said judgment and costs. Defendants excepted, and bring this case here for review. Affirmed.

Opinion of the court by

IRWIN, J.: Plaintiffs in error urge as a reason for reversal that the mortgage of defendant in error is bad, for insufficiency in the description of the property. The description of the property in said mortgage in as fol-

lows: "One chestnut sorrel gelding; one bay gelding; one double buggy and harness; 35 head of mares and colts; 35 head of hogs; two cultivators; two stirring plows; one mower and rake; 300 bushels of corn. Said property is now in the Kaw reservation, in the county of Kay, Oklahoma Territory."

Mr. Jones, in his work on Chattel Mortgages (2d Ed., sec. 53,) says: "It is not necessary that the property should be so described as to be capable of being identified by written recitals." And in section 54 of the same work this language occurs: "A description which would enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient." We are also aware that the courts of the different states and territories have usually put a very liberal construction on the description in chattel mortgages. The rule of construction is, and should be, different, where it is between the holder of a chattel mortgage and an attaching creditor, or a *bona fide* purchaser or incumbrancer without notice, than where the question is between the original makers of the instrument; and a description which might be insufficient in the former case would be held good in the latter. And while the description contained in the chattel mortgage in question is not as satisfactory as it might be made, and its sufficiency might be seriously questioned if attacked by an attaching creditor or an innocent purchaser or incumbrancer, we think, as between the original parties to the instrument, equity and justice, as well as the law, would require that it be liberally construed, and such construction placed upon it as will carry out the manifest intention of the parties; and in such case we think the description is sufficient.

We think the defendants in the court below were in no better position to question the sufficiency of the description in the mortgage than the original maker thereof. When the defendant Mary C. Hardwick accepted the second mortgage on the same identical property described in the first mortgage, and when this second mortage contained this clause "without incumbrance, except a mortgage to C. T. Atkinson," she accepted it with full knowledge of the rights of said Atkinson, and with full knowledge of the description contained in his mortgage, and the kind and character of the property included therein; and that the property included in the second mortgage is identical with that in the first becomes apparent on the reading of the second mortgage. When it says, "without incumbrance, except a mortgage to C. T. Atkinson," this can refer only to the property mentioned in the second mortgage, and none other. It says in express terms that the property described in this mortgage is incumbered by a mortgage to C. T. Atkinson, and when defendant in the court below accepted a mortgage on these terms all her rights and interest in the property were second and subject to the mortgage rights of C. T. Atkinson, the plaintiff in the court below, and she cannot now be heard to question the sufficiency of the description in his mortgage. To allow her to do so would be in violation of her implied agreement with the mortgagor when she accepted the second mortgage.

On the question of whether the property described in the second mortgage was the identical property described in the first, there was a conflict of evidence. It was a question of fact, which was settled in the affirmative by

the trial court; and it has always been the policy of this court, where a question of fact is settled by the trial court, and the evidence reasonably sustains the finding, that this court will not disturb it.

The second objection raised by the plaintiffs in error, to wit, that the plaintiff in the court below did not prove that the note for which the mortgage was given was unpaid, we think is not tenable.

In the case of *Mills v. Lumber Co.*, 26 Kan. 575, the court says: "In an action of replevin before a justice of the peace, where the plaintiff founds his action and entire claim to the property in controversy upon a chattel mortgage, and gives a copy of his chattel mortgage in his original pleadings, and makes it a part thereof, and the defendant does not deny the execution of such chattel mortgage by an affidavit, held, that it is not necessary for the plaintiff to prove the execution or existence of such chattel mortgage, nor is it necessary to prove the amount that appears to be due thereon."

The defendants below filed a general denial, not verified by affidavit; thus rendering the proof of the execution of the chattel mortgage and the amount due thereon unnecessary, as we find on examination of section 84 of the justice's act of the state of Kansas, which is referred to in the foregoing decision, that it is identical with section 108 of the Code of Civil Procedure of the Territory of Oklahoma.   We think the principle is universally recognized that a promissory note and a chattel mortgage imply a consideration.   That consideration exists until it is shown by the defendant that it was liquidated; that the possession of an uncanceled promissory note is pre-

sumptive evidence, at least, that it is unpaid; and where suit is commenced on such an instrument, and the same is properly set out in the pleadings, and is not denied in the manner provided by law, the proof of the execution of the same, or the amount due thereon, is unnecessary. We have carefully examined the pleadings and records of this case as shown in the case-made, and are unable to discover that this latter defense was set up or insisted on at any stage of the proceedings of the trial in the court below, or was made one of the grounds for setting aside the judgment in the court below. Such being the case, under the well recognized rule of this court we could not for the first time consider it in this court. As we find no error in the holdings of the court below, the same will be affirmed.

All of the Justices concurring.