## D. J. McDonald v. Charles Carpenter.

### (Filed July 6, 1901.)

1. FEE OF ATTORNEY—How Fixed. The statute which provides that in an action for an attorney's fee it may be "fixed by the court," and in which the court is not limited to fix the attorney's fee, only when such fee shall be named in the verdict, and when the verdict does not state that it is found in consideration of "personal services," is not violated when the court fixes the attorney's fee from the pleadings and evidence, which show that the action was brought and the verdict was rendered, for work, labor and personal services.

2. ERRORS—Must be Raised on Motion for New Trial. The points now contended for in the brief were not raised upon motion for a new trial nor presented to the court for review at all. And the defendant in error was entitled, upon these grounds, to have the cause dismissed.
(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Jno. H. Burford, Trial Judge.*

*Harper S. Cunningham* and *Lewis & Snyder,* for plaintiff in error.

*T. G. Chambers,* for defendant in error.

### STATEMENT OF FACTS.

In this case, brought before a justice of the peace, the bill of particulars averred an indebtedness on account of work and labor performed. Verdict and judgment were rendered for the plaintiff, and an appeal taken to the district court, where the case was again tried to a jury, and verdict again for plaintiff, and the amount of his recovery assessed at the sum of $60.80. Thereafter motion for new trial alleged, that (1,) the verdict was not sustained by sufficient evidence, was contrary to law; that the court erred in

"every instruction given to the jury," and that the verdict was in amount excessive; and (2,) that the defendant was surprised in the testimony of Carpenter, to the effect that the defendant, McDonald, agreed to pay for the labor performed. The motion for a new trial was heard and overruled, and judgment rendered for the sum of "$60.80 for work, labor and personal services, and ten dollars as costs for attorney's fees, and costs." To which the defendant excepted.

Opinion of the court by

McATEE, J.: Error is urged in plaintiff in error's brief, upon the grounds that, (1,) the verdict of the jury was for $60.80, without any finding that the claim was for work and labor, or that any part was for personal services, or what part was for the use of teams which the testimony showed had been employed in conjunction with the personal services, and (2), that the court rendered judgment for the full sum of $60.80 for work, labor and services, and ten dollars as costs for attorneys.

It is provided in chapter 51, section 1, of the Statutes of 1895, that:

"In all cases within the jurisdiction of a justice of the peace, where any action is brought by any laborer of any kind, clerk, servant, nurse, or other person, for compensation claimed to be due for personal services performed, if a recovery be had in such action, the plaintiff shall, in addition to the amount found due, be entitled to recover as part of the costs, a judgment against the defendant for an attorney's fee of not less than two dollars and fifty cents, and not more than fifteen dollars, to be fixed by the court, for the use and benefit of plaintiff's attorney, together with costs * * * ."

And upon this statute the court was authorized to find that the amount of the verdict was for "work, labor and personal services," and thereupon to render a judgment for an attorney's fee in addition to the amount of the verdict. The verdict did not specify that the amount found to be due was for personal services. Nor does the statute require it. The statute provides that the attorney's fee may be "fixed by the court," and inasmuch as the court is not limited to fix an attorney's fee when an attorney's fee shall be named in the verdict, or when the verdict shall prescribe that it is found in consideration of personal services, the statute manifestly leaves that matter open to be determined by the court, from the pleadings and evidence in the case.

The bill of particulars declared for an amount claimed to be due for "work and labor"; the evidence tended to support the allegation, and the court was justified in including in the judgment the statement of fact that the amount for which it rendered judgment was for "work, labor and personal services."

We have examined the instructions given to the jury, and find no error in them. The defendant in error was entitled to have the cause dismissed, because the points now contended for in the brief were not raised upon motion for new trial, nor presented to the trial court for review at all.

The judgment of the court below will be affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.