D. M. OSBORNE AND COMPANY, *a Corporation,* v. E. D. CASE AND S. W. HUMPHREY.

(Filed June 5, 1902.)

1. **ISSUE OF FACT.** Where an issue of fact is submitted to a jury in the court below, this court will not disturb the finding if there is evidence in the case which reasonably tends to support such finding.

2. **ERRORS OCCURRING IN THE TRIAL.** Alleged errors occurring in the trial which are not raised in the trial court or set forth in the motion for a new trial, will not be considered for the first time on appeal.

(Syllabus by the court.)

*Error from the Probate Court of Garfield County; before James K. Beauchamp, Probate Judge.*

*Moore & Moore,* for plaintiff in error.

*Rush & Steen,* for defendants in error.

STATEMENT OF FACTS.

At the September term, 1900, the plaintiff brought suit against the defendants in the probate court of Garfield county, Oklahoma territory, on a certain promissory note executed by the defendants September 22, 1898, for the sum of one hundred and twenty-five dollars, with interest at ten per cent.,

due February 1, 1900. Defendants filed answer thereto admitting the execution of said note, but say as a matter of defense that said note was given to replace two notes formerly given by said defendants in payment of a corn harvesting machine. That said corn harvesting machine was purchased of Newell & Ross, agents of plaintiff at Enid, O. T., and that said machine was warranted, and on trial did not comply with the terms of such warranty, and was returned to said agents. That at the time of giving the note in question the plaintiffs entered into another written guaranty, terms of which are as follows:

"Enid, O. T., Dec. 1, 1898.

"D. M. Osborne & Co. agree to fix corn harvester bought by Case & Humphrey before harvest of 1899, so they can use the three horse evener without side draft, and to do as good work as any machine.

"(Signed.)         D. M. OSBORNE & Co.
                         "By W. H. GIBBS."

And said defendants claim that such written guaranty was a part of the same transaction as the giving of the note in question, and that said written guaranty was never fulfilled, and by reason thereof the consideration of said note entirely failed, and for a further defense the defendants allege that in consequence of such failure on the part of the plaintiff to fulfill such written guaranty they have been damaged and sustained loss.

To this answer the plaintiff files reply of general denial. On this issue a trial was had in the probate court before a jury, and a verdict rendered in favor of the defendants, assessing their damage at thirty dollars and costs. Motion for a new trial was filed within the time allowed by law. Motion for new trial is as follows:

"D. M. Osborne & Co., Plaintiff, vs. Case and Humphrey, Defendants.

*"Motion to Set Aside the Verdict of the Jury and to Grant a New Trial.*

"Comes now the plaintiff and moves the court to set aside the verdict of the jury and to grant a new trial, and for causes states:

"First: The verdict is against the preponderance of the evidence.

"Second: The verdict is against the evidence.

"Third: The verdict is against the law as given by the court.

"Fourth: The verdict sounds in prejudice against the plaintiff.

"Fifth: The verdict is not supported by the facts and is against the law.

"Sixth: The court admitted improper and illegal evidence.

"Seventh: The character of the case was changed after much prejudicial and illegal evidence had gone to the jury, and the verdict thereby became and was prejudiced against the plaintiff.

"Eighth: The jury disregarded the instructions of the court and found for the defendant, when their verdict should have been for the plaintiff."

Which motion was by the court overruled and exceptions saved by the plaintiff; to which verdict of the jury, and the action of the court in sustaining the same and rendering judgment thereon, plaintiff excepts and brings the case here for review.

Opinion of the court by

IRWIN, J.: In this case the execution of the note being admitted, and the only defense made being a failure of con-

sideration and a claim in the· nature of a counter-claim for damages for breach of warranty, and the warranty being in writing and admitted by the plaintiff, it presents purely and simply a question of fact; that is: Was there such a breach of the warranty as would amount to a failure of consideration of the note; and what, if any, damage has defendant sustained thereby?

If the jury were properly instructed by the court as to the ·law, and there was evidence in the case which would reasonably tend to sustain the verdict, this court will not disturb it. It will be seen by an examination of the motion for a new trial that no complaint is therein made of the instructions to the court as to the law. Our statute provides specifically how exceptions to the instructions of the court must be saved, and the record in this case does not disclose that exceptions to the instructions were preserved in the manner pointed out by statute, or in fact any way, either general or special, and this court has repeatedly held, in fact it is the settled rule of this court, that alleged errors occurring during the trial not raised in the trial court, or set forth in a motion for a new trial, will not be. considered for the first time on appeal. (*Hardwick v. Atkinson,* 8 Okla. 608.)

Hence, the only assignment of error in the motion for new trial for us to consider is: Was illegal and improper evidence admitted on the trial over the objection of the plaintiff in error?

We have carefully examined the record, and think that this objection is not well taken; and as on a full examination of the record we can see no error, the judgment of the probate court is affirmed, and the costs of the appeal taxed to the appellant.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.