Saxon v. White.

No. 2013, Okla. T.   Opinion Filed May 15, 1908.

(95 Pac. 783.)

1.  WRIT OF ERROR—Preserving Record—Exceptions—Necessity.
    This court will not consider an alleged error of the trial court unless such alleged error appears on the record of the case and exception was taken thereto in the trial court.

2.  SAME—Separate Defenses—General Finding of Court—Sufficiency of Evidence.  Where a jury is waived and the cause submitted to the court, and where complete, separate defenses are set up by defendant, a general finding of the trial court in favor of the defendant will not be disturbed by this court, if the evidence fairly tends to support either of the defenses.

3.  SPECIFIC PERFORMANCE— Defenses — Contract Abandoned.
    It is not error to refuse a decree of specific performance upon a contract that has been abandoned by both parties.

4.  SAME—Performance Impossible.  A court of equity will not knowingly decree an impossibility, and where W., who owned a farm on which there was a mortgage, made a contract with S. to convey to him the same free of all incumbrance, where it appeared that said mortgage had not been paid, and that defendant was unable to pay the same, and where S. insisted upon a conveyance of said land free of incumbrances, and expressed no willingness to accept the incumbered title, the court correctly refused a decree of specific performance.

(Syllabus by the Court.)

Error from District Court, Pottawatomie County; before James K. Beauchamp, Judge.

Specific performance by J. W. Saxon against Clem White. Judgment for defendant, and plaintiff brings error.  Affirmed.

Blakeney & Maxey, for plaintiff in error.
Jas. L. Brown, for defendant in error.

HAYES, J.   On the 14th day of September, 1903, plaintiff in error, who will hereafter be called plaintiff, and defendant in error, who will hereafter be called defendant, made, executed, and delivered a contract by which defendant agreed and bound himself to make to the plaintiff a clear title by warranty deed to all the southwest quarter of section 18, township 9 north, range 4 east, on or before January 1, 1904.   Plaintiff agreed and bound himself by said contract to give as a consideration for said land a promissory note for the sum of $6,000 due on or before the 1st day of January, 1906, bearing interest at the rate of 10 per cent. per annum from the 1st day of January, 1904, executed by himself and wife, Mattie J. Saxon, and secured by first mortgage lien on said land and other land owned by plaintiff located in the town of Tecumseh.   Plaintiff brought this action in the district court of Pottawatomie county, praying for specific performance of said contract, and alleges that he had performed or offered to perform all of the conditions required of him by the contract.

Defendant in his answer admits the execution of the contract, but sets up as defense to this action three defenses as follows: First.   That he had after the execution of said contract, and before the 1st day of January, 1904, prior to which time the same was to be executed, offered to perform the same on his part, and demanded the performance of the same on the part of plaintiff and his wife, but that plaintiff and his wife failed, neglected, and refused to perform the conditions required of them by said contract.   Second.   That prior to the 1st day of January, 1904, it was agreed between him and plaintiff that the contract should be abandoned and rescinded, and that he acted upon said agreement and so changed his financial condition as to render himself unable to remove a mortgage incumbrance of $2,000 on said tract of land.   Third.   That the contract is void and nonenforceable, for the reason that it does not afford to defendant the right to compel the specific performance thereof on the part of plaintiff and his wife, Mattie J. Saxon.

At the trial a jury was waived, and the case was tried before

the court, who found generally in favor of defendant and rendered judgment accordingly. No specific findings of fact were requested or made.

The evidence upon the issues made by the pleadings is conflicting. Plaintiff testified that, shortly after the contract was executed, he sent by mail to defendant blank forms of note and mortgage for his approval, which were returned to him by the defendant not approved. Both plaintiff and defendant testify about conversations thereafter had in which they endeavored to agree upon a form of mortgage, and there is no controversy that no form of mortgage was ever agreed upon. Defendant testified that in the month of November, at their last conversation, they agreed that they would abandon the contract, and a conversation was had about another meeting in the future, at which they would endeavor to reach an agreement on some other plan. Plaintiff denies that there was any agreement to abandon the contract. Defendant testified that, acting upon this agreement to abandon the contract, and since he never saw plaintiff thereafter and no other agreement was made, he changed his financial condition so he was unable to take up on the 1st day of January, 1904, a mortgage existing against the land in controversy.

Plaintiff relies upon the following alleged errors of the court for reversal of the case: First. In refusing specifically to enforce the contract. Second. In holding that said contract could not be enforced for want of mutuality. The second of these alleged errors cannot be considered by this court, for the reason that it is not disclosed by the record that the court made the holding therein complained of. In plaintiff's petition in error one of the errors assigned is that the court erred in holding that the contract could not be enforced for want of mutuality, but, if such holding was made by the court, the record does not disclose it. The three reasons assigned by plaintiff for a new trial in his motion for new trial were: First, that said decision is not supported by sufficient evidence, and is contrary to law; second, for errors of law occurring at the trial and duly excepted to by the

plaintiff at the time the same occurred; third, for the reason the decision of the court is contrary to the weight of the evidence. This court will not consider alleged errors of the trial court, unless such alleged errors appear on the record of the case and exceptions were taken thereto by the complaining party. *Mary C. Hardwick v. Atkinson,* 8 Okla. 608, 58 Pac. 747; *Osborne & Co. v. Case et al.,* 11 Okla. 479, 69 Pac. 263.

The first alleged error relied upon by plaintiff for a reversal is in effect the same as the first and third reasons assigned by him in his motion for a new trial as grounds for a new trial, and attacks both the general finding of the court and the judgment there-' on rendered. As before stated, defendant's answer presents three alleged defenses to this action, and, if any one of the same is supported by evidence fairly tending to establish it under the general finding of the court in favor of defendant, this court should not disturb the judgment of the trial court. The rule that, where a jury is waived and the cause submitted to the court, the decision of the court will not be disturbed by the appellate court if the evidence reasonably tends to support the judgment of the trial court has been uniformly followed by the Supreme Court of the territory of Oklahoma. *Kilpatrick v. Brennan,* 14 Okla. 42, 76 Pac. 162.

Under the state of the record in this case, it is unnecessary for us to decide whether time was an element in the contract, or whether plaintiff performed or offered to perform all the conditions required of him by said contract in order to entitle him to maintain this suit, for the evidence clearly discloses that plaintiff and his wife did not execute any note or mortgage, and tender the same to defendant until after the time at which it is contended by defendant the contract was abandoned, and, if it were conceded that the contract in this case is a contract enforceable in an action for specific performance, and that plaintiff had done all that the law required him to do in order to entitle him to such relief, still the judgment of the lower court would have to be affirmed if the evidence fairly tends to establish the abandonment of the

contract as pleaded by defendant. The evidence upon this point consists in the testimony of the defendant, who testified that he said to plaintiff in a conversation about the 23d day of November, 1903, that they had better call the deal off, and that plaintiff agreed to it, and that defendant acted upon this agreement, and changed his financial condition so that he was unable to take up the mortgage existing against the land, which, under the contract, was to be conveyed to plaintiff. This testimony of defendant is very strongly controverted by plaintiff and other witnesses, but the trial court heard the evidence and saw the witnesses who testified, and is in better position to judge of their credibility and of the weight of their testimony than this court is; and, since there is some evidence fairly tending to establish defendant's defense that they had by agreement abandoned the contract, this court should not disturb the general finding and judgment of the trial court in favor of defendant, for, if the contract had been abandoned by the parties thereto, an action for specific performance of the same would not lie. 26 Amer. & Eng. Enc. of Law (2d Ed.) 134.

We think that the judgment of the lower court should be affirmed for the further reason that the evidence in this case discloses without controversy that the land agreed to be conveyed by defendant to plaintiff was incumbered at the time such agreement was made by a mortgage to secure the payment of the sum of $2,000. This mortgage existed as a lien against the land at the time of the institution of this suit, and at the time of the trial in the lower court it continued to exist, and foreclosure proceedings had been instituted thereon. Defendant testified that he was unable to pay said mortgage. By the terms of the agreement made between plaintiff and defendant, defendant agreed to convey to plaintiff a clear title by warranty deed, but it appears that defendant did not have a clear title to the land at the time of the execution of the contract or at the time of the trial, and he testified, and it is not controverted, that he was unable to pay the mortgage thereon, and the fact that foreclosure proceedings were pending is a circumstance corroborating his evidence. Plain-

tiff seeks by this action to obtain a clear title to said land. He prays in his petition for a conveyance of the land free from all incumbrances, in accordance with the terms and conditions of said agreement. The court was powerless to order defendant to convey a title that he had not. The only title defendant had at the time of the trial was an incumbered title, and, so far as the evidence discloses, the only title within his power to obtain. *Kennedy v. Hazleton,* 128 U. S. 667, 9 Sup. Ct. 202, 32 L. Ed. 576; *Farrar et al. v. Dean,* 24 Mo. 16; *Corby et al. v. Drew et al.,* 55 N. J. Eq. 387, 36 Atl. 827; *Snell v. Mitchell,* 65 Me. 48.

In *Snell v. Mitchell, supra,* the facts are somewhat similar to the facts in the case at bar. The father of plaintiff, who was the father-in-law of defendant in that case, conveyed one-half of the farm, which plaintiff attempted to have conveyed to him, to defendant, for the consideration that defendant agreed to maintain Caleb Snell and wife during the remainder of their lives, and defendant executed a mortgage back to Caleb Snell to secure the performance of that obligation. The court, in discussing the matter, said:

"Now, the obligation which the plaintiff seeks to have specifically enforced, if it entitles him to any title at all, entitles him to an unincumbered one; and he has not signified his willingness to accept any other. Such a title the defendants cannot give. If the plaintiff had taken notice of the fact that defendants could not give him an unincumbered title, and had offered to take such a title as they could give, this objection would be obviated."

Had plaintiff in the case at bar elected to take such title as defendant could give and had prayed the court for compensation for the deficiency, it then would have been within the power of the court to grant his prayer if the court found the facts in his favor, but plaintiff did not so elect, but chose to insist upon a conveyance of an unincumbered title which, under the evidence in the case, defendant could not give. Pomeroy's Equity Juris. 831, 833.

The judgment of the trial court is affirmed.

All the Justices concur.