## STEM v. ADAMS.

No. 1140.   Opinion Filed October 10, 1911.

(118 Pac. 382.)

1.   **APPEAL AND ERROR—Review—Trial by Court—Evidence.** When a case is tried by a court without the intervention of a jury upon controverted questions of fact, and there is competent evidence reasonably tending to support the decree of the court, that decree will not be disturbed on the weight of the evidence.

2.   **SAME—Objections.** Questions which are not raised in the trial court, and which do not affect a substantial right of the parties, will not be considered in this court.

(Syllabus by Ames, C.)

*Error from District Court, Okmulgee County; W. L. Barnum, Judge.*

Action by Ben Adams against Frederick B. Stem to cancel a conveyance of real estate from the plaintiff to the defendant upon the ground that it was procured by false and fraudulent representations.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*William M. Matthews,* for plaintiff in error.

*W. W. Wood* and *W. W. Witten,* for defendant in error.

Opinion by AMES, C.   Ben Adams, as plaintiff in the lower court, brought this action against Frederick B. Stem, defendant, to cancel a conveyance of real estate from the plaintiff to the defendant because of fraud alleged in its procurement.   Evidence was offered tending to show that the plaintiff was an uneducated negro, a citizen of the Creek Nation, not of Indian blood, and that he had inherited an interest in an Indian allotment, consisting of 160 acres, worth $15 or $20 an acre; that there was uncertainty, as matter of law, whether he was entitled to a life estate, or to a child's part, the latter being a one-seventh interest.   The plaintiff was 49 years old.   Upon the conclusion of

Stem v. Adams.

the plaintiff's evidence the defendant offered a demurrer thereto, which was overruled, and thereupon the defendant offered his evidence, and the case was closed. No jury was impaneled, no special findings of fact were requested, nor any conclusions of law, but the court, instead of rendering a general judgment for the plaintiff, recited in some detail the facts which he found, and on which he based the decree. The charges of fraud were sustained, and judgment was entered directing a cancellation of the deed upon the return by the plaintiff to the defendant of $150, the consideration which he had received, and which was tendered in the petition.

The errors urged by the defendant are in overruling his demurrer to the plaintiff's evidence, that the findings of fact and conclusions of the court are not sustained by the evidence, error in permitting evidence as to the value of the land when the plaintiff only owned a life estate in it, that the plaintiff was guilty of laches in instituting suit, and that no sufficient tender of the purchase price was made. The demurrer to the evidence and the objection that the decree of the court is not sustained by the evidence raise the same question, and elaborate arguments are made attacking and supporting the court's decree.

We have read with care all of the evidence in the case, and are not able to say that there is no evidence reasonably tending to support the decree of the court, and the rule is well settled that:

"Where the case is tried by the court, without the intervention of a jury, upon controverted questions of fact, and there is competent evidence reasonably tending to support the findings of the court, such findings will not be disturbed on the weight of the evidence." (*Freeman v. Eldridge,* 26 Okla. 601, 603, 110 Pac. 1057, 1058.)

As to the other errors assigned, it is sufficient to say that the record does not disclose that they were brought to the attention of the trial court; but it does appear that the case was brought to a conclusion without these questions being raised. This being true, particularly as none of them affects a substantial right, it is unnecessary to consider them further. *Hardwick v.*

*Atkinson,* 8 Okla. 608, 58 Pac. 747; *McDonald v. Carpenter,* 11 Okla. 115, 65 Pac. 942; *D. M. Osborne v. Case et al.,* 11 Okla. 479, 69 Pac. 263.

For the reasons herein stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

All the Justices concur.