## TIREY v. DARNEAL.

No. 2807.   Opinion Filed June 11, 1913.

(132 Pac. 1087.)

1. **APPEAL AND ERROR—Presentation Below—Necessity.** In order to properly present a question to the Supreme Court for review, the record must affirmatively show that the alleged error complained of was presented to the trial court, and either ignored or decided adversely to the complaining party; and unless it is thus presented to the trial court, and an opportunity there given to pass upon it, the same will not be considered by this court on appeal.

2. **INDIANS—Deed to Allotment—Validity.** A deed to an allotment executed by a minor Choctaw Indian, without the consent or supervision of the county court, is void.

(Syllabus by Robertson, C.)

*Error from District Court, Haskell County;*
*Malcolm E. Rosser, Judge.*

Action by Elias Darneal, an infant, against William E. Tirey to cancel deed to real estate. Judgment for plaintiff, and defendant brings error. Affirmed.

*Clark & Crittenden,* for plaintiff in error.
*Frederick & King,* for defendant in error.

Opinion by ROBERTSON, C.   This is an action to cancel a deed and remove a cloud from title to real estate. The defendant in error is a Choctaw Indian by blood, and as such received as a part of his allotment the N. ½ of the S. W. ¼, and the E. ½ of the N. W. ¼, of section 12, township 7 N., range 19 E., in Haskell county, Okla., to which a patent had been duly executed and delivered by Green McCurtain and Douglas H. Johnston, Principal Chief and Governor of the Choctaw and Chickasaw Nations, respectively.

On April 6. 1909, defendant in error, being then under the age of 21 years, but over the age of eighteen years, but at the time a married man and head of a family, joined by his wife,

Ida Darneal, executed to plaintiff in error his warranty deed to the premises above described. Thereafter and on June 29, 1910, C. T. Mitchell, as guardian for the defendant in error, filed a petition in the district court of Haskell county, praying for the possession of the land and the cancellation of the deed. His petition, in addition to the necessary allegations required to state a cause of action in equity to cancel the deed, contained the following paragraph:

"Plaintiff now here tenders and offers to return to defendant the said sum of $975 as received from defendant for said land."

Tirey, the defendant below, plaintiff in error here, answered by general denial, and specifically denied that any tender had been made, and prayed judgment for the dismissal of the action and for his costs. The cause was tried to the court, without a jury, on December 6, 1910, and resulted in a judgment for the plaintiff below, defendant in error here, for the possession of the land, declaring the deed to be null and void and of no effect, and ordered it to be delivered up and canceled; but no order or judgment whatever was entered for the return of the purchase price. The plaintiff in error, feeling aggrieved, brings error and raises but one question in his brief, and that is the court erred in refusing to enter judgment for the return of $975, the purchase price, the amount tendered by plaintiff to defendant in his petition. The defendant in error objects to the consideration of this question by this court, on the ground that, while the defendant in error did plead a tender in his petition, yet the plaintiff in error denied in his answer in the lower court that a tender had been made, and contends no tender was made at the time, nor was the money deposited in court as required by statute; hence the question of tender was completely ignored by the parties and was eliminated from the case, and was not considered by the trial court, and the same could not, therefore, be raised for the first time in this court.

A careful reading of the record in this case discloses the fact that the question of tender was wholly disregarded by all parties at the time of the trial, and was not considered by the court in any phase of the case; nor was this subject raised before the trial court in motion for a new trial or otherwise. In order to properly present a question to this court for review, the record must affirmatively show that the alleged error complained of was presented to the trial court and either ignored or decided adversely to the complaining party; and unless it is thus presented to the trial court and an opportunity there given to pass upon it the same will not be considered by this court on appeal. *Stem v. Adams,* 30 Okla. 101, 118 Pac. 382; *Hardwick v. Atkinson,* 8 Okla. 608, 58 Pac. 747; *McDonald v. Carpenter,* 11 Okla. 115, 65 Pac. 942; *Osborne v. Case et al.,* 11 Okla. 479, 69 Pac. 263.

However, we do not think it necessary to depend upon this question alone in order to sustain the judgment of the trial court. The record clearly discloses the fact that Darneal, the allottee, was a minor at the time he executed the deed in question, and that no proceeding of any kind, with reference to the sale, was had in the county court, as is required by law to render such conveyance valid. The question of whether or not a minor Indian allottee, attempting to sell his allotment without complying, in any respect, with the requirements of the law, and without the authority and supervision of the county (probate) court, was considered by this court in *Tirey et al. v. Darneal, ante,* 133 Pac. 614, where it was held, in considering this identical question, that the pretended deed from Darneal to Tirey was absolutely void, and this being true Darneal could not be compelled to refund the purchase price, especially since it is not shown that he had any part thereof in his possession at the time the answers were filed or the case tried, but, on the contrary, it was shown that he had no part of it whatever. This was the finding and judgment of the trial court, and we believe it to be the correct rule.

Upon the authority of that case we conclude the judgment of the district court of Haskell county is correct in all things, and should be affirmed.

By the Court: It is so ordered.