## RYAN v. MORRISON *et al.*

No. 5127.    Opinion Filed October 14, 1913.

(135 Pac. 1049.)

**INFANTS** — Contracts — ''Disaffirmance'' — Commencement of Suit. Where, in the suit of a minor under eighteen years' of age by her guardian, the petition states that she had executed an oil and gas mining lease and certain deeds to defendant, and prays that her title to the land therein set forth be cleared, **held,** assuming the conveyances assailed to be voidable, that in virtue of Rev. Laws 1910, sec. 885, the same may be disaffirmed by the minor before her majority, that the bringing of the suit was a sufficient ''disaffirmance,'' and that a demurrer to her petition was properly overruled.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by Leona Morrison, an infant, etc., against Edward C. Ryan. Judgment for plaintiff, and defendant brings error. Affirmed.

*Stewart & Stewart,* for plaintiff in error.

*James L. Allen,* for defendant in error.

TURNER, J.   On April 25, 1912, Leona Morrison, an infant under the age of eighteen years, by R. B. Beard, her guardian, in the district court of Okmulgee county, sued Edward C. Ryan to clear her title.   Her petition substantially states that she is a freedman and a citizen of the Creek Nation, and duly enrolled as such; that later she was allotted, and that she is the owner and entitled to the possession of certain real estate, describing it, situated in that county, as her homestead and surplus; that on June 14, 1911, she made, executed, and delivered to the defendant an oil and gas mining lease for a term of ten years from that date, covering both her homestead and surplus; that the same was duly filed for record in the office of the register of deeds of that county in a certain book at a certain page; that on December 27, 1911, she made, executed, and delivered to the defendant a general warranty deed to her homestead in said lands, which was also duly filed of record in a certain book at a certain page; that on January 27, 1912, she again made, executed, and delivered to defendant a general warranty deed to her homestead in said lands, which was also duly filed of record as aforesaid in a certain book at a certain page; that all of those instruments, although purporting on their face a valuable consideration, in fact were without such, and were made when she was an infant under the age of eighteen years; that the same constitute a cloud upon her title, which she prays to have removed.   To this there was a general demurrer, which was overruled, whereupon, defendant electing to stand upon his demurrer, judgment was rendered and entered for plaintiff, clearing her title, and defendant brings the case here.

In support of his contention that the court erred in overruling his demurrer, he says:

"Our contention in this matter is that Leona Morrison, a minor, cannot bring this suit by her guardian; that she herself can avoid these conveyances, if she so wishes, after becoming of age. In other words, we contend that these deeds are voidable and not void."

Assuming as true this contention that the conveyances assailed are voidable, there might be something in his contention were it not for the statute.   Rev. Laws 1910, sec. 885, provides:

"In all cases other than those specified herein, the contract of a minor, if made while he is under the age of eighteen, may be disaffirmed by the minor himself, either before his majority or within one year's time afterwards; or in case of his death within that period, by his heirs or personal representatives; * * *"

As Bouvier's Law Dictionary defines a "deed" to be "a written instrument under seal containing a contract or agreement which has been delivered by the party to be bound and accepted by the obligee or covenantee," and Mr. Washburn in his work on Real Property, "a writing containing a contract sealed and delivered to the party thereto," the instruments in question are contracts, and fall squarely within the statute.

The bringing of this suit was a sufficient disaffirmance. In *Englebert v. Troxell et al.*, 40 Neb. 195, 58 N. W. 852, 26 L. R. A. 177, 42 Am. St. Rep. 665, in the syllabus, it is said:

"The bringing of a suit in equity by a party to cancel a deed made by him when a minor, and on that ground, is an unequivocal and sufficient disaffirmance of such deed."

Affirmed.

HAYES, C. J., and LOOFBOURROW and KANE, JJ., concur. WILLIAMS, J., absent, and not participating.