## REID v. TAYLOR.

No. 3488.    Opinion Filed November 24, 1914.

(144 Pac. 589.)

1.  **INDIANS—Conveyance by Minor Freedman—Validity.** A deed of a minor Cherokee freedman, attempting to convey his allotted lands, is void; such lands can be sold only by guardian in a proper proceeding in the county court.

2.  **SAME—Marriage of Freedman—Action by Guardian.** Marriage of a male ward, a Cherokee freedman, does not terminate guardianship as to his allotted lands, and suit may be maintained by his guardian relative thereto.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Willie Taylor, a minor, by his next friend, J. S. Dodson, against E. W. Reid. Judgment for plaintiff, and defendant brings error. Affirmed.

*Kenneth S. Murchison* and *Edward C. Griesel,* for plaintiff in error.

*Thea A. Lipscomb, N. B. Maxey, J. B. Campbell,* and *W. O. Beall,* for defendant in error.

BLEAKMORE, J.    This case presents error from the superior court of Muskogee county. The action was brought by J. S. Dodson, as the guardian and next friend of Willie Taylor, a minor freedman of the Cherokee Tribe of Indians, to re-

cover certain lands allotted to him as such freedman. The petition alleges that Willie Taylor is a minor and the owner of and entitled to the possession thereof, and that the defendant wrongfully withholds possession, etc. The defendant, Reid, answered, disclaiming any knowledge of the age of Willie Taylor, and therefore denying he was a minor, admitting that the lands involved had been allotted and patented to him as a freedman, and denied that Willie Taylor was the owner or entitled to the possession of the land. The cause was tried to the court without a jury. The evidence developed the fact that in March, 1909, Willie Taylor, a minor, who had married in 1908, and his wife executed a deed conveying the land in question to the defendant, E. W. Reid, and that on the 27th day of July, 1909, Willie Taylor and his wife executed and delivered to said Reid another deed covering said land. The court found that said deeds were executed and delivered in contravention of the laws enacted by Congress and were void, and adjudged that Willie Taylor was the owner of said lands and entitled to the possession thereof.

It is contended by the plaintiff in error: (1) That the court erred in holding the deeds executed by Willie Taylor were void; (2) that said deeds, being executed during his minority, were merely voidable, and contracts such as could be disaffirmed by him only after arriving at his majority; (3) that the action could not be maintained by his guardian, his marriage having terminated the guardianship and the county court having lost jurisdiction of his person and estate; and (4) that, he being over eighteen years of age, the consideration paid for the lands should have been returned.

All these questions raised by plaintiff in error by his assignments of error and brief have heretofore been determined by this court.

(1)  In *Tirey et al. v. Darneal,* 37 Okla. 606, 133 Pac. 614, it was said in the syllabus:

"Section 6 of the Act of Congress of May 27, 1908 (35 St. at L. 312, c. 199), providing that the persons and property of minor allottees of the Five Civilized Tribes shall, except

as otherwise specifically provided by law, be subject to the control and jurisdiction of the probate (county) courts of the state of Oklahoma, is in the nature of a restriction, by Congress, on the alienation of land belonging to minor allottees, and as such can only be removed by a regular proceeding as provided by statute, through the instrumentality of the county court, and a deed executed by a minor, even though married, without any attempt to comply with such law, is void."

And this doctrine was reaffirmed in the case of *Tirey v. Darneal,* 37 Okla. 611, 132 Pac. 1087. See, also, *Jefferson v. Winkler,* 26 Okla. 653, 110 Pac. 755.

(2) But even if the deeds in question were not void, but voidable, yet, under the rule established by this court, the judgment of the trial court is correct.

But if the deeds in question are treated as only voidable, yet in *Ryan v. Morrison,* 40 Okla. 49, 135 Pac. 1049, it was held in the syllabus:

"Where, in the suit of a minor under eighteen years of age by her guardian, the petition states that she had executed an oil and gas mining lease and certain deeds to defendant, and prays that her title to the land therein set forth be cleared, *held,* assuming the conveyances assailed to be voidable, that in virtue of Rev. Laws 1910, sec. 885, the same may be disaffirmed by the minor before her majority, that the bringing of the suit was a sufficient 'disaffirmance,' and that a demurrer to her petition was properly overruled."

Under the provisions of the statute of Oklahoma, a minor over eighteen years of age may disaffirm contracts such as the deeds involved herein upon restoring the consideration to the party from whom it was received or paying its equivalent with interest, if at the time he is in possession of such consideration or its equivalent. *Gill et al. v. Haggerty,* 32 Okla. 407, 122 Pac. 641.

As was also held in *Ryan v. Morrison, supra,* the bringing of this suit is an unequivocal and sufficient disaffirmance of the deeds involved.

(3) In *Kirkpatrick v. Burgess,* 29 Okla. 121, 116 Pac. 764, it was held by this court:

OCTOBER TERM, 1914.—VOL. XLIII. 819

"The marriage of a minor male ward, member of the Cherokee Tribe of Indians, of less than one-half Indian blood, does not of itself terminate his guardianship as to his allotment, nor abate the jurisdiction of the county court, and a guardian under such jurisdiction has authority to make a sale of said minor's allotted lands."

(4) Nowhere in the record does it appear that the question of the return of the consideration recited in the deeds to plaintiff in error was raised in the trial court, and plaintiff in error presents the question for the first time in his brief in this court. The undisputed testimony in the case shows that the consideration received by the allottee was a horse, a six-shooter, and $4 in money, and the record is silent as to whether this consideration was in fact returned. The question, not having been presented to the trial court and passed upon there, will not be considered by this court on appeal. *Tirey v. Darneal*, 37 Okla. 611, 132 Pac. 1087, and cases there cited.

It follows that the judgment of the trial court should be affirmed; and it is so ordered.

All the Justices concur, except KANE, C. J., absent and not participating.