## PEELER v. NAYLOR.

No. 6319.    Opinion Filed March 7, 1916.

(155 Pac. 1162.)

**CANCELLATION OF INSTRUMENTS—Void Deed—Conditions Precedent—Offer to Return Consideration.** In a suit by a grantee in possession of lands under a guardian's deed to cancel, as a cloud upon his title, a previous conveyance of said lands made by the ward, a freedman allottee, and void by reason of his minority, it is unnecessary to plead an offer to return the consideration received by such ward, or to allege its dissipation and his consequent inability to restore; the grantee in the subsequent deed being entitled to maintain his action without restoring such consideration.

(Syllabus by Bleakmore, C.)

*Error From District Court, Wagoner County;*

*R. C. Allen, Judge.*

Action by W. J. Naylor against J. W. Peeler, Judgment for plaintiff, and defendant brings error. Affirmed.

*Will Hancock* and *Ledbetter, Stuart & Bell,* for plaintiff in error.

*J. H. Sutherlin,* for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Wagoner county, on August 4, 1913, by W. J. Naylor, as plaintiff, against J. W. Peeler, as defendant. The parties are here referred to as they appeared in the trial court. Plaintiff alleged that by virtue of a deed of conveyance regularly executed by William Hawkins, as guardian of one Saul Hawkins, a minor Creek freedman, pursuant to proper proceedings, and duly approved by the county court of Wagoner county, on January 2, 1913, he became the owner of a certain tract of land, a portion of the allotment of said minor, situate in

said county, and was entitled to and was in the actual possession thereof under said deed, which had been recorded; that there appeared of record in the office of the register of deeds of Wagoner county a pretended warranty deed describing said land, executed by said Saul Hawkins to defendant, of date September 3, 1912, which said deed was void, for the reason that at the time of its execution the grantor therein was a minor Creek freedman; that such deed constituted a cloud upon the title of plaintiff, etc.; and prayed its cancellation. Defendant answered, asserting title in himself to the land in question under the deed from Saul Hawkins, who, he alleged, was an adult at the date thereof, capable under the law of executing a valid conveyance of said land, and had received a valuable consideration therefor. Upon trial to the court, there was judgment for plaintiff, canceling the deed from said Saul Hawkins to defendant.

It appears from the evidence that for a number of years prior to September 3, 1912, the date of the deed from Saul Hawkins to defendant, plaintiff's grantor, William Hawkins, had been the duly appointed and acting guardian of said Saul Hawkins, the guardianship proceeding being regularly pending in Wagoner county; that Saul Hawkins was a Creek freedman, to whom the land in question had been allotted. As evidence of his age, there was offered, and admitted without objection, as the enrollment record of the Commissioner to the Five Civilized Tribes, a "census card," properly certified, showing the enrollment of said Saul Hawkins as of September, 1898, at the age of six years. There was introduced in evidence the deed of William Hawkins, guardian, of date of January 2, 1913, to plaintiff, which was admitted to be in all respects regular; and also the deed from Saul Hawkins to defendant, dated

September 3, 1912, describing the tract involved and other lands, for which defendant testified that he paid the said Saul Hawkins a cash consideration of $455.

The sufficiency of the petition was challenged upon the trial by objection to the introduction of any evidence thereunder, on the ground that it failed to state that defendant's grantor, the alleged minor, Saul Hawkins, had dissipated and was unable to restore the consideration received by him from defendant, and no offer of restoration was made. The overruling of this objection is assigned as error. There is no merit in the assignment.

Even though it were requisite, in a suit by a minor allottee to cancel a deed made by him attempting to convey his allotted lands, to plead a formal offer to return the consideration received by him therefor, or to allege its dissipation and his consequent inability to make restoration (which is not the rule in this jurisdiction, _Bell v. Fitzpatrick,_ 57 Okla. —, 157 Pac. 334), yet in the present case such allegation would be entirely unnecessary, for the reason that the right of plaintiff to the relief sought in this action, under the guardian's deed, is in no way dependent upon restoration of the consideration received by the ward of such guardian for his previous deed to the land, void because of his minority. Had the deed of Saul Hawkins to defendant been voidable only, still the plaintiff might properly have maintained his action without restoring such consideration. In _Nettleton v. Morrison,_ 5 Dill. 503, Fed. Cas. No. 10,127, wherein the conveyance under consideration was voidable, it was held:

"A conveyance of land by a minor is voidable, not void, and where he disaffirms such act after coming of age, by conveying to a third person, the grantee in such subsequent conveyance, though taking the same with notice of

the prior deed, is entitled to a decree quieting the title in himself without restoring the consideration paid for the voidable conveyance." *Ison et al. v. Cornett,* 116 Ky. 92, 75 S. W. 204.

The principal, if not the sole, controverted question of fact presented for determination at the trial, was that of the age of the allottee, Saul Hawkins. The court found from the "census card" that he was a minor at the time of the execution of his deed to defendant, and of the guardian's deed to plaintiff. It is urged by defendant that such finding is not sustained by the enrollment record in evidence. It is not essential to set forth in full the "census card"; but we may say that it clearly and unmistakably appears therefrom that Saul Hawkins was enrolled as of the age of six years in September, 1898, and the finding of the court, as a necessary corollary, that he was under 21 years of age when the conveyances involved were executed, was correct.

The deed of a minor Creek freedman attempting to convey his allotted lands is void. Such lands can only be sold by guardian in a proper proceeding in the county court. *Reid v. Taylor,* 43 Okla. 816, 144 Pac. 589.

Therefore the deed under which plaintiff claims was a valid conveyance, and the deed by such minor, under which defendant asserts title, was absolutely void.

No error appearing in the record, the judgment should be affirmed.

By the Court: It is so ordered.