## BROWN v. CHOWNING.

No. 7606—Opinion Filed July 11, 1916.

(159 Pac. 323.)

1. **Appeal and Error—Presentation of Grounds of Review in Court Below—Necessity.**

Alleged errors occurring in the trial, which are not excepted to at the time nor set forth in the motion for new trial, are waived, and will not be considered on appeal.

2. **Replevin—Actions—Policy of Law.**

In a suit in replevin, it is the policy of the law to settle in one action all the conflicting claims of the parties for the possession of the property in controversy or for damages for detention or loss.

(Syllabus by Edwards, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action in replevin by R. H. Chowning against S. M. Ratliff and T. B. Brown. Judgment for plaintiff, and defendant Brown brings error. Affirmed.

Sigler & Howard, for plaintiff in error.

Potterf & Gray, for defendant in error.

Opinion by EDWARDS, C. The plaintiff. brought an action in replevin against one S. M. Ratliff and the defendant in error in the name of John Doe, for the recovery of two mules, the action being based upon a special ownership predicated upon a promissory note secured by chattel mortgage upon said mules, made by the said Ratliff. The defendant Ratliff was never served with summons, and made no appearance. The answer of the plaintiff in error was a general denial. The case was tried to a jury, and the verdict was returned for the plaintiff, in the following form:

"We, the jury impaneled and sworn in the above-entitled cause, do, upon our oaths, find for the plaintiff and fix the amount of his recovery at $100.00 for mule not produced and for possession of mule produced or the value of same in the sum of $150.00"— upon which verdict the court rendered judgment. No objection was made to the form of the verdict at the time it was returned, nor did the motion for new trial raise any objection to its form.

The plaintiff in error argues at length that the verdict does not respond to the issues in the case; that as to the defendant Brown, sued as John Doe, no relief was sought except for the possession of the mules or their value, and that the returning of the verdict in the form in which it was returned is, in effect, converting an action in replevin into an action for damages. It is well settled that alleged errors, not excepted to at the time nor presented in the lower court by a motion for new trial, are waived and will not be considered unless they go to the jurisdiction of the court. McDonald v. Carpenter, 11 Okla. 115, 65 Pac. 942; D. M. Osborne & Co. v. Case et al., 11 Okla. 479, 69 Pac. 263; Weaver v. Kuchler et al., 17 Okla. 189, 87 Pac. 600; Bank of Cherokee v. Sneary, 46 Okla. 186, 148 Pac. 157; Baker v. Marcum & Toomer, 22 Okla. 21, 97 Pac. 572; Stem v. Adams, 30 Okla. 101, 118 Pac. 382.

In the trial of this case it developed that one of the mules involved in the action had been shipped out of the country and was not produced, and while the form of the verdict properly should have found the value of this mule, the trial court evidently construed the verdict so to find, and so specified in the judgment rendered. It is the policy of the law, in an action in replevin, to settle all the conflicting claims of the parties in one action, and if there is any error in the verdict as rendered, the same was waived by failure to make timely objection.

The judgment should be affirmed.

By the Court: It is so ordered.