## HOUTS v. CONRAD.

No. 12661—Opinion Filed Feb. 26, 1924.

Rehearing Denied March 25, 1924.

**1. Specific Performance—Abandoned Contract.**

It is not error to refuse a decree for specific performance of a contract for the sale of real estate which has been breached or abandoned previously by both parties.

**2. Same—Right to Relief.**

In order for the plaintiff to be entitled to specific performance the petition must allege the performance of all conditions required of him by contract, or an offer or tender in court to do so.

**3. Same—Action by Vendee.**

The vendee in a contract for the sale of real estate may waive any violation or breach of the contract by the vendor, and enforce specific performance, but the vendee in so doing must perform the obligation relating to him, or offer or make a tender to do so in court.

**4. Judgment Sustained.**

Record examined; held, to support the judgment of the court in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Major County; James B. Cullison, Judge.

Action by O. F. Houts against Emma Conrad for specific performance of contract for sale of real estate. Judgment for defendant. Plaintiff brings error. Affirmed.

W. L. Houts, E. W. Snoddy, ·and J. V. Roberts, for plaintiff in error.

C. B. Wood, T. E. Willis, and Horton & Horton, for defendant in error.

Opinion by STEPHENSON, C. In the first days of January, 1919, a contract for the sale of real estate was entered into between the parties to this action. By the terms of the contract the defendant, Emma Conrad, bound herself to execute and deliver her warranty deed to the plaintiff conveying to him the real estate and premises described in the contract free and clear of all incumbrances for the consideration of $1,000 cash. The plaintiff paid $100 to the defendant at the time of the execution and delivery of the contract and bound himself to pay the further sum of $900 on May 1st, following, at which time it was the duty of the defendant to deliver the deed. The plaintiff by ·his petition alleged that at the time the defendant tendered to him her deed there was an outstanding undivided

2-5ths interest in an heir of one of the former record owners of the property. The plaintiff prayed the court to allow a credit for the value of certain wheat he should receive in the year 1919, a credit as damages for the cloud on the title, and a further credit for costs and attorney's fee for maintaining this action in a total of about $675, and then tendered into court the difference between the credits and the balance of the purchase price. It appears that the plaintiff refused to accept the title as tendered by the defendant, and in relation thereto, testified on cross-examination as follows:

"Q. Now, you refuse to accept the title on the theory that it was incumbered, is that it? A. Yes, sir."

It appears in substance at the time the defendant tendered the deed to plaintiff, the latter refused to accept the title. It further appears, in substance, from the record that the claims, if any, of the lost heir were barred by the statute of limitation. When the plaintiff refused to accept the title tendered by the defendant, she then offered to return to him the $100 previously paid to her as a portion of the consideration for the conveyance, which the plaintiff refused. The defendant again tendered this sum of money to the plaintiff in the course of the trial of the cause. In the trial of this cause judgment went for the defendant, and plaintiff has appealed the cause to this court assigning several rulings of the court as error. The principal errors assigned are:

(1) That the findings and judgment of the court is not supported by the evidence and is contrary to law.

(2) That the judgment rendered is not in accordance with the pleadings or evidence.

In the trial of the cause the plaintiff in effect offered to waive the previous objection to the title and tendered into court the sum of $900. We are not unmindful of the decisions laying down the rule that the action of the plaintiff in insisting that the defendant perform the conditions of the contract does not amount to a breach or rescission of the contract by the vendee. If the vendee by the terms of the contract is entitled to receive title to real estate of a certain status, it is the right of the vendee to insist on the vendor meeting the requirements of the contract. Aikman v. Sandborn (Cal.) 52 Pac. 729. But it appears that the plaintiff went further in this case than to insist on a compliance by defendant with the contract. It appears in this case the plaintiff refused a conveyance of the property which he had a right to do,

if it was defective. If the defendant had desired to take action to meet the requirements of the plaintiff, she had no assurance that the plaintiff would accept the title when tendered to him with the correction, as he had refused to accept the title and within his right in so doing. At this stage of the proceedings it appears that both parties clearly indicated their purpose to abandon the contract of conveyance. If both parties indicated the purpose to abandon the contract, when by the terms of the instrument it ought to have been performed, the plaintiff may be denied specific performance of the contract in an action subsequently commenced. Saxon v. White, 21 Okla. 194, 95 Pac. 783. In an action for specific performance the particular facts involved in the case largely determine the rule to be applied. The refusal of the plaintiff to accept the title as tendered, coupled with his prayer to the court to allow credits on the purchase price for the several items claimed as damages, and the tender to the defendant of the balance of the cash consideration, distinguishes this case from the rule applied in these cases where the plaintiff has merely insisted on the defendant meeting the requirements of the contract. We think the subsequent offer of the plaintiff in his testimony to pay to the defendant the cash consideration at the time of the trial came too late to entitle him to specific performance. On the petition and testimony of the plaintiff, the court as a matter of law was justified in denying specific performance in favor of the plaintiff. Having reached this conclusion it is unnecessary to consider other errors assigned for the reason they are merely technical so far as this record is concerned. It would serve no useful purpose to proceed to an analysis of the law in relation to these questions as this and other courts have fully covered the rule applicable to such questions.

Therefore, it is recommended that this cause be affirmed.

By the Court: It is so ordered.