## HOUTS v. STEVENSON.

No. 14687—Opinion Filed Sept. 30, 1924.

**Appeal and Error—Law of the Case—Subsequent Case Involving Same Rights—Disposition—Possessory Rights in Land.**

Where a district court of this state, having jurisdiction of the parties and the subject-matter of an action, has decreed that the plaintiff is in unlawful possession of a tract of land, the subject of the action, that he is a trespasser thereon, and that defendants are entitled to the immediate possesion thereof and orders a writ of assistance to issue in favor of defendants, and the cause is appealed to this court and, pending the appeal, the plaintiff brings an independent action for forcible entry and detainer of the same land against one of the defendants in the former action, which is decided against the plaintiff by the trial court and appealed by him to this court, and, while the appeal in the last case is pending, this court affirms, in its entirety, the decision of the lower court in the original case, this court, following the opinion in the original case, will affirm the decision of the lower court in the instant case.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District court, Major County; James B. Cullison, Judge.

Action by O. F. Houts against Coy Stevenson, for the recovery of 32 acres of land. Judgment for plaintiff. Defendant brings error. Affirmed.

W. L. Houts and F. L. Wells, for plaintiff in error.

T. E. Willis and C. B. Woods, for defendant in error.

Opinion by THOMPSON, C. This action was commenced by O. F. Houts, plaintiff in error, plaintiff below, against Coy Stevenson, defendant in error, defendant below, in the justice of the peace court upon a verified complaint in forcible entry and detainer for the recovery of possession of 32 acres of land. Judgment was rendered in favor of the plaintiff in error and appealed to the district court of Major county, Okla, and the cause came on for hearing before the district court and the defendant in error moved to dismiss the action, and after evidence heard the cause was dismissed, and the cause comes regularly upon appeal to this court by the plaintiff in error.

The parties to this action will be referred to in this opinion as they appeared in the lower court.

Upon the opening statement of counsel for plaintiff and the evidence introduced in this cause, it appears from the record that the plaintiff, O. F. Houts, entered into a written contract for the purchase of the land in controversy with Emma Conrad, the owner of the title, who was in possession of the same through Coy Stevenson, the defendant here, as her tenant, that because of the defects in the title the plaintiff refused to take the land and refused to pay the balance of the purchase price, and through an injunction issued in a case instituted by the plaintiff against Emma Conrad and this defendant, Coy Stevenson, in the district court of Major county, for specific performance of the contract, succeeded in getting possession of the land while said suit was pending, and upon the final hearing of the action the district court dissolved the injunction, and rendered judgment against the plaintiff and in favor of the defendants in that action on the 12th day of April, 1921, finding, among other things, that the plaintiff, O. F. Houts, was in unlawful possession of the land, and that he was unlawfully keeping and holding possession of the same from Emma Conrad, who was entitled to possession thereof, and that she should be placed in possession thereof, and further in the language of the journal entry of the judgment, the court said:

"That plaintiff is in the wrongful and unlawful possession of said real estate and is a trespasser thereon; that the said defendant is entitled to the immediate possession of said property and that a writ of assistance issue out of this court commanding the sheriff of said Major county to put her in possession of said real estate."

From this judgment the plaintiff in that

action appealed the same to this court for review and gave bond pending the appeal in favor of the defendant Emma Conrad, only, which bond did not include the defendant Coy Stevenson, who was in possession of the land as tenant when the action was commenced. While said action was pending in the Supreme Court the defendant, Coy Stevenson, took possession of the land, and the present action for forcible entry and unlawful detainer was begun on the 23rd day of August, 1922.

On the 26th day of February, 1924, this court, by its decision, in case No. 12,661, in the original action, affirmed the judgment of the lower court and on the 25th day of March, 1924, the petition for rehearing was denied and the judgment became final. Said opinion may be found in 98 Okla. 153, 224 Pac. 357.

As a result of said opinion the rights of the parties were completely settled and adjusted, and by this decision of this court, in affirming the decision of the trial court in the original action, it was determined in that action, involving the same lands and between the same parties, that the title and the right of possession thereof were in the defendant, Emma Conrad, and the plaintiff was a trespasser thereon, and was in unlawful possession of the same. The rights of the parties then having been adjudicated in the original action by the trial court, which decision was affirmed by this court, it would serve no good purpose to further consider the present action, but this court is compelled to determine the rights of the parties in this action to be the same as was determined in the original action.

It is, therefore, the opinion of the court that the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.