DAVID A. ELLIS & others, trustees, *vs.* JOHN G. SMALL & others.

Suffolk.    January 26, 1911. — May 19, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Equity Jurisdiction*, Specific performance, Trust. *Landlord and Tenant. Covenant.*

In a suit in equity by the trustee in bankruptcy of a business corporation against an individual defendant who had caused the corporation to be formed to carry on the business formerly conducted by him personally, to compel the specific performance by the defendant of an oral promise to assign to the corporation a lease held by him of the premises in which the business of the corporation had been carried on ever since its formation, it appeared that the lease contained a covenant by the defendant as lessee not to assign or underlet the premises except with the written consent of the lessor, and there was no evidence that the lessor had given or would give his consent to an assignment and he was not a party to the suit.   The lease also provided that if the lessee or his representatives or assigns failed to perform any covenant, or if the lessee should be declared a bankrupt or insolvent or an assignment of his property should be made for the benefit of creditors, the lessor might enter and expel the lessee. *Held*, that, assuming that there was a consideration for the defendant's oral agreement to assign the lease, and that there had been such a part performance as to take the case out of the statute of frauds, and assuming also that the conditions on which the defendant promised to assign the lease had been performed, specific performance could not be decreed, because the defendant should not be ordered to violate his covenant, and, even if he should be ordered to violate it, the result would be to give the lessor an immediate right of entry which would deprive the plaintiff of the lease; and, moreover, to order an assignment of the lease to the trustee in bankruptcy of the corporation would violate the spirit and intent of the provision of the lease giving the lessor the right of re-entry if the lessee became bankrupt or insolvent or made an assignment for the benefit of creditors.

In a suit in equity by the trustee in bankruptcy of a business corporation against an individual defendant who had caused the corporation to be formed to carry on a business formerly conducted by him personally, to compel the specific performance by the defendant of an oral promise to assign to the corporation a lease of the premises in which the business of the corporation had been carried on ever since its formation, where the bill also contains a prayer that the defendant shall be ordered to hold the lease in trust for the corporation or for the plaintiff, if a decree for specific performance cannot be granted because it would compel the defendant to violate a covenant of the lease and would be nugatory and inequitable, the same reasons prevent the granting of a decree that the defendant shall hold the lease as trustee for the corporation or the plaintiff, because such a decree would mean that in equity and good conscience the plaintiff is entitled to a transfer of the lease, which the denial of specific performance decides not to be the case.

MORTON, J.    This is a bill in equity by the trustees in bankruptcy of the J. G. Small Company, a Massachusetts corpora-

tion, to compel the assignment to them by the defendant Small of a lease of certain premises on Washington Street in Boston, where the corporation was carrying on business when it was adjudged bankrupt, and where it had been carrying on business since its incorporation a little more than a year before. The bill also contained a prayer that the defendant Small be decreed to hold the lease in trust for the corporation or for the plaintiffs as receivers of its property. The case was sent to a master and comes here from the Superior Court * on his report and the defendants' exceptions thereto, such decree to be entered as justice and equity may require.

Before 1909 the defendant Small was carrying on business on the premises in question under the name of J. G. Small and Company, and had a written lease which expired on December 31, 1908. In January, 1909, he procured from the owners a new lease for five years from January 1, 1909. In April, 1909, the business carried on by the defendant Small was incorporated by him under the name of the J. G. Small Company, with a capital of $50,000, and all of the assets of the business except the lease were conveyed by him to the corporation. The corporation occupied the premises as tenant at will under the defendant Small and the business was carried on as it had been before the corporation was formed.

In December, 1909, the defendants Brewer and Macauley and the defendant Small, and one Levett who had a nominal interest, entered into a written agreement whereby it was agreed that Small should transfer to Brewer and Macauley each one hundred and fifty shares of the capital stock of the corporation and that Brewer and Macauley should each thereupon pay into the treasury of the corporation $15,000 in cash. It was also agreed that Small should pay in $5,000 in cash which he did. Nothing was said in the written agreement about an assignment of the lease, and the master finds that the defendant Small had been requested by Brewer and Macauley to assign the lease and had refused before the written agreement was entered into. Shortly after the execution of the agreement Brewer and Macauley told the defendant Small that they would not carry out their contract

---

* The case was reserved by *Richardson*, J., for determination by this court.

unless he would agree, amongst other things, to assign the lease to the corporation. The master finds that Small did thereupon orally agree to assign the lease. The corporation was at the time heavily in debt. After Small agreed to assign the lease Brewer proceeded to pay in the $15,000 though not exactly as agreed. Macauley paid in $5,000 and no more, though repeatedly requested to do so by Small. Stock to the amount of $20,000 was issued to Brewer and Macauley and they with Small and Levett, who had one share, were elected and constituted the board of directors. The master finds that Macauley's failure to pay in the balance of $10,000 pursuant to his agreement was a material breach of his contract and seriously embarrassed the corporation. Of the money paid in the master finds that from $12,000 to $14,000 was expended by the corporation in permanent improvements on the premises and in putting in fixtures in reliance upon the defendant Small's oral promise to assign the lease. The corporation was adjudged bankrupt in August, 1910. Before that, the defendant Small had refused to carry out his oral agreement to assign the lease and had been advised not to execute a contemplated trust agreement in regard to the lease until the whole $30,000 was paid in, which, as already observed, never was done. The lease contains a covenant on the part of the lessee not to assign or underlet except with the written consent of the lessor. It also provides that if the lessee or his representatives or assigns fail or neglect to perform any of the covenants on his part to be performed, or if the lessee shall be declared bankrupt or insolvent or if any assignment of his property shall be made for the benefit of creditors, then, in either case, the lessors may without further notice or demand enter and expel the lessee and repossess themselves of the premises as of their former estate. The master finds that there is no evidence that the lessor has given or will give his consent to an assignment, and he is not a party to these proceedings.

We assume in favor of the plaintiffs, but without so deciding, that there was sufficient consideration for Small's promise to assign the lease, and that there has been such part performance as to take the case out of the statute of frauds. But we think that the covenant not to assign except with the written consent of the lessor, which is wanting, constitutes an insuperable objec-

tion to granting the relief sought. It is possible that Macauley's failure to pay in the balance of $10,000 would also constitute an insuperable objection.

An assignment by the defendant Small would be a violation of the covenant and would give the lessor an immediate right of re-entry. There is nothing to show that the lessor has waived his right of re-entry. It would be futile, therefore, to compel the defendant to assign the lease. Under such circumstances equity will not enforce specific performance. *Gannett* v. *Albree*, 103 Mass. 372. *Squire* v. *Learned*, 196 Mass. 134, 136. *Thompson* v. *Guyon*, 5 Sim. 65. *Gregory* v. *Wilson*, 9 Hare, 683. *Lewis* v. *Bond*, 18 Beav. 85. *Hurlbut* v. *Kantzler*, 112 Ill. 482.

Moreover the lease provides that if the lessee becomes bankrupt or insolvent, or if an assignment of his property is made for the benefit of his creditors, the lessor may re-enter. It would violate the spirit and intent of these conditions to compel an assignment to the trustees in bankruptcy of a bankrupt corporation. The assignment when made would be an assignment by the lessee though made by order of court, and would be subject to the conditions of the lease. See *Shee* v. *Hale*, 13 Ves. 404. It would stand on a different footing from an assignment by operation of law, as to which see *Bemis* v. *Wilder*, 100 Mass. 416. The case is entirely different from a case where by reason of some infirmity in the title a party is unable to convey all that he has contracted to convey, but the other party to the contract is willing to accept partial performance with a proportionate reduction in the consideration. *Park* v. *Johnson*, 4 Allen, 259. In such a case the contract is enforced between the parties to it and there is no element of forfeiture involved. More analogous are the cases in which the holder of a liquor license has been required to transfer it to an assignee or purchaser subject to the possibility that the commissioners may issue a license to him. *In re Fisher*, 98 Fed. Rep. 89. *Fisher* v. *Cushman*, 103 Fed. Rep. 860. *In re McArdle*, 126 Fed. Rep. 442. But the conditions on which such licenses are issued are not at all like those contained in the lease in this case. If they were, we may fairly assume that the court would not have felt that it could compel a transfer. As it was, there being no conditions such as exist in the lease in the case at bar, and a practice having grown up on the part of

the board of police commissioners of the city of Boston by which a license has there come to have a sort of pecuniary value attached to it, the court naturally took the view that if there was anything in the nature of property in the license, or anything which could be realized by means of it, the assignee should have the benefit of it. It should be noted that it has been held in this Commonwealth that a license is nothing more than a personal privilege with elements of pecuniary value in Boston in consequence of the practice aforesaid. *Tracy* v. *Ginzberg,* 189 Mass. 260.

What cannot be done directly by enforcing specific performance cannot be done, we think, indirectly by means of a decree requiring the defendant Small to hold as trustees for the plaintiffs' benefit. From the nature of the case the court, for reasons already stated, cannot treat that as done which should have been done. A decree that the defendant Small should hold the lease in trust for the plaintiffs would be in substance and effect a decree that in equity and good conscience the plaintiffs were entitled to a transfer notwithstanding the conditions of the lease were such that a transfer could not be made and would be plainly inconsistent with the denial of specific performance. The same reasons which prevent a decree for specific performance operate against a decree requiring the defendant Small to hold the lease in trust for the plaintiffs or for the corporation.

In view of the conclusion to which we have come on this branch of the case it is unnecessary to consider the effect of Macauley's failure to pay the balance of $10,000.

*Bill dismissed.*

*D. A. Ellis,* (*J. B. Jacobs* with him,) for the plaintiffs.
*H. W. Ogden,* (*E. H. Robinson* with him,) for the defendants.