**McBRAYER et al. v. MILLER.**

No. 10237—Opinion Filed Sept. 13, 1921.

Rehearing denied Oct. 13, 1921.

(Syllabus.)

**1. Use and Occupation—Action—Attachment for Rent.**

Where one is in the possession of real estate without special contract, he is liable for rent to the owner or person entitled to possession, and such owner or person entitled to possession may enforce his claim for rent by attachment as provided for by section 3809, Rev. Laws 1910.

**2. Same—Necessity for Relation of Landlord and Tenant.**

In an action brought by the owners of real estate, or the person entitled to the possession thereof, against the occupant to recover rents it is not necessary to allege or prove that the relation of landlord and tenant existed between the parties, or that there was an express or implied agreement to pay rent.

**3. Injunction—Right to Writ—Remedy at Law—Collection of Rents.**

Where a party has a plain, adequate remedy at law for the collection of rents, injunction will not lie to prevent the payment of such rents to a person not entitled thereto.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by E. D. Miller against Lee McBrayer and others for rents and injunctional relief. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

J. M. Humphreys, for plaintiffs in error.

James H. Gernert, for defendant in error.

NICHOLSON, J. The defendant in error, as plaintiff in the trial court commenced this action on October 2, 1917, against plaintiffs in error for an injunction enjoining and restraining Lee McBrayer from demanding or accepting any rents from the defendant Bud Willis, and from entering upon the premises in the petition described, and removing any of the crops therefrom, and enjoining the defendant Bud Willis from paying any rents on the land therein described for the year 1917 to the defendant Lee McBrayer, and praying that said Bud Willis be required to pay the rents to the plaintiff. A temporary injunction was granted, which upon a final trial was made perpetual.

The petition specifically describes the premises in question, and alleges that the plaintiff became the owner thereof on the 22nd day of September, 1917, by purchase from F. E. Coss and wife, and that said F.

E. Coss purchased the land from Laura E. Scribner, who secured judgment in the district court of Atoka county on the 14th day of November, 1916, against A. C. Messick and Mary F. Messick, foreclosing all their interest in said lands, and further foreclosing the interests of any and all persons claiming by, through, or under said A. C. Messick and Mary F. Messick since the commencement of said action.

It was further alleged that at the time F. E. Coss sold and conveyed said land to said plaintiff, he sold and assigned all his interest in the rents and profits from said land for the year 1917 to the plaintiff; that by reason of said purchase of said premises and the assignment of the rents for the year 1917, the plaintiff became entitled to a one-fourth of the cotton and one.third of the other crops grown upon the premises for the year 1917, under the provision of section 3802 of Rev. Laws 1910, wherein it is provided:

"The occupant of any land, without special contract, shall be liable for the rent to any person entitled thereto."

It is further agreed that the defendant Bud Willis cultivated the land for the year 1917, without any written or verbal contract with the plaintiff; that he was not a tenant of said plaintiff, but under section 3802, supra, plaintiff, being the owner of the premises, was entitled to receive and recover from said Willis one-fourth of the cotton and one-third of the other crops after the same had been gathered. It was further alleged that McBrayer, after having been served with notice that the plaintiff was the owner of said land and that the rents for the year 1917 had been assigned to him, was demanding that said rents and crops be delivered to him, and that each of said defendants had sold and disposed of a portion of said crops. It was further alleged on information and belief that said defendants were insolvent and neither of them possessed property above their exemption and liability; that the defendants would continue to sell and dispose of the crops and make it impossible for plaintiff to keep an actual account of the crops sold, and on account of the defendants' insolvency it would be impossible to collect a judgment against them; that neither of said defendants had any right, title, or interest in any part of said land except the said Bud Willis, who was in possession thereof, and that neither of said defendants was a tenant of the plaintiff; that the plaintiff had no speedy and adequate remedy at law to prevent irreparable injury from being committed in selling

or disposing of said crops, and that a suit at law would involve a multiplicity of suits; that plaintiff could not procure a landlord's lien and attachment for the reason that the relation of landlord and tenant did not exist between the plaintiff and defendants, and neither writ of attachment or replevin would lie.

To this petition the defendants filed answer in which they averred that during the summer of 1916 the defendant McBrayer rented the land in controversy for a cash consideration from A. C. Messick for the years 1916 and 1917; that said Messick was in possession of said land; that he, McBrayer, had no notice of plaintiff's claim; that under and by virtue of said original contract from said Messick said McBrayer entered into a verbal contract with the defendant Bud Willis whereby said Bud Willis was to pay him a one-fourth of all cotton grown on said land, and the relation of landlord and tenant existed between said Lee McBrayer and said Willis during the year 1917, and that by reason of said relationship Willis was legally bound to pay to said Lee McBrayer a one-fourth of all cotton grown upon said premises. It was denied that the said Lee McBrayer was insolvent, and pleaded that he was worth the sum of $2,000, over and above his homestead exemptions and liabilities. It was further averred that said McBrayer had no notice of plaintiff's claim at the time he rented said premises, but that plaintiff had full knowledge of McBrayer's claims at the time he purchased said land, if he ever purchased the same. A reply was filed, and upon the trial the court granted the injunction as prayed for.

We have examined the record and are convinced that the court erred in granting the injunction. Section 3802, Rev. Laws 1910, provides:

"The occupant of any land, without special contract, shall be liable for the rent to any person entitled thereto."

Section 3806, Rev. Laws 1910, is as follows:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

Section 3809, Rev. Laws 1910, reads:

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things) intends to remove, or is removing, or has, within thirty days, removed, his property, or his crops, or any part there-

of, from the leased premises, the person to whom the rent is owing may commence an action, and upon making an affidavit stating the amount of rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions."

In Earl v. Tyler et al., 36 Okla. 179, 128 Pac. 269, this court held that in an action brought by the owner of real estate entitled to the possession thereof against the occupant to recover for the use and occupation of the land occupied, it was not necessary to allege and prove the relation of landlord and tenant, but that the owner might maintain an action for the rents against the occupant, and that the attachment provided for by section 3809, supra, would lie. In construing the sections of the statute above referred to, the court in the body of the opinion uses the following language:

"Section 4094, Comp. Laws 1909, makes the occupant, without special contract, of any lands liable for the rent to any person entitled thereto; section 4098 creates a lien on the crop growing or made on the premises for any rent due for farm land, and provides for the enforcement by action and attachment of said lien; while section 4101 provides that any person who shall be liable to pay rent, and who intends to remove, is removing or has within thirty days removed, his property or his crops, or any part thereof, from the leased premises, shall be subject to an action in favor of the person to whom the rent is owing, who may commence an action and obtain a judgment upon compliance with the provisions of the statute. By section 4094, supra, it is obvious that the Legislature intended to create a liability upon the occupant for the payment of rent to the person entitled thereto, without regard to the fact that any special contract for the payment of rent existed."

Sections 4094, 4098, and 4101 of Comp. Laws 1909, referred to in said opinion, are identical with sections 3802, 3806, and 3809, Rev. Laws 1910.

Considering the allegations of the pleadings and all the evidence introduced in the most favorable light, and giving to them their full value, the conclusion still remains that a plain, adequate remedy at law, by way of attachment, was afforded plaintiff, and injunction would not lie.

The judgment of the trial court is reversed, and the cause remanded, with directions to enter an order vacating the writ of injunction and dismissing the cause.

HARRISON, C. J., and JOHNSON, McNEILL, ELTING, and KENNAMER, JJ., concur.