## HARDY et al. v. DESKINS.

No. 12854—Opinion Filed April 3, 1923.

Rehearing Denied June 5, 1923.

Second Rehearing Denied Sept. 18, 1923.

(Syllabus.)

1. **Specific Performance—Right to Remedy.**

Specific performance of a contract will not be compelled where the validity of the contract depends upon the approval of a third person, and where the consent or approval of such third person has not been obtained and tendered at the time the specific performance is sought.

2. **Same—Contract for Interest in Departmental Oil and Gas Lease.**

Where a contract is executed to convey an interest in a departmental oil and gas lease on lands of a full-blood Mississippi Choctaw Indian, which under the rules of the Department of the Interior cannot be assigned or transferred without the consent of the Secretary of the interior, specific performance of the contract will not be enforced where the consent of the Secretary of the Interior has not been obtained and

tendered at the time the specific performance is sought.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by H. H. Deskins against L. K. Hardy and W. W. Corbin for specific performance. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

Cornelius Hardy and Cruce & Potter, for plaintiffs in error.

Ledbetter, Furman & Ledbetter and Sigler & Jackson, for defendant in error.

COCHRAN, J. This action was commenced by defendant in error to compel the plaintiffs in error to assign an interest in a departmental oil and gas lease to defendant in error. The parties will be referred to as plaintiff and defendants, as they appeared in the court below. Judgment was rendered for the plaintiff, and defendants have appealed.

The defendants procured a departmental oil and gas lease on the lands of Janie Arkansas, a full-blood Mississippi Choctaw Indian. Under the rules and regulations of the Department of the Interior relative to assignments of departmental leases, it is provided:

"No interest in oil lease or use of such lease, shall be sublet, assigned, or transferred, directly or indirectly, without the consent of the Secretary of the Interior."

The question to be determined is whether a court of equity will decree the specific performance of a contract where the validity of the contract depends upon the approval of a third person and where the consent or approval of such third person has not been obtained and tendered at the time the specific performance is sought. This question has been decided by this court in the case of Rice v. Theimer, 45 Okla. 618, 146 Pac. 702, in which the court stated:

"It seems that the test of the enforceability of such a contract is the ability of the party seeking its specific performance to secure the performance of the act by the third party. When he can secure its performance and tenders a performance thereof, as here, the contract will be specifically enforced; otherwise not."

In Roquemore & Hall v. Mitchell Bros. (Ala.) 52 South. 423, a portion of the syllabus is as follows:

"Complainant cannot compel specific performance by defendant of his contract to permit plaintiff to carry out defendant's contract with a county to load gravel from a pit belonging to the county, where the

county did not consent to the contract between plaintiff and defendant, since to do so would involve compelling the county to allow complainant to perform its contract with defendant."

To the same effect are the following cases: Ellis v. Treat, 236 Fed. 120, 149 C. C. A. 330; Wichita Water Company v. City of Wichita, 280 Fed. 770; Ellis v. Small (Mass.) 95 N. E. 79; Martin v. South Bluefield Land Co. (W. Va.) 94 S. E. 493; Hurlburt v. Kantzler, 112 Ill. 482; Musgrove v. Lodges (Kan.) 27 Pac. 121; and Woodward v. Harris and Aspinwall, 3 Sandf. 272.

The plaintiff, not having procured the consent of the Secretary of the Interior to the assignment of the lease in the controversy, could not maintain this action for specific performance of the contract, and the judgment of the trial court is reversed, and cause remanded, with directions to enter judgment for the defendants.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.