## WARE v. HALL.

No. 15926—Opinion Filed Oct. 13, 1925.

Rehearing Denied Feb. 2, 1926.

1. **Specific Performance—Contract to Convey Mineral Rights—Failure of Wife to Join in Execution of Conveyance no Defense.**

Where the vendor and vendee enter into a written contract in which the vendor, for a valuable consideration, a part of which is paid cash, sells the vendee the mineral rights on certain lands, and agrees that upon payment of the balance of the consideration

the vendor will, with his wife, execute a legal conveyance of said mineral rights to the vendee, the failure of vendor's wife to join in the execution of the conveyance is no defense to an action for specific performance, if the wife has no legal or equitable interest in the property.

## 2. Vendor and Purchaser—When Equitable Title Passes.

Equity treats things agreed to be done as actually performed, and when real estate is sold under a valid contract, the purchase money to be paid in part, and the deed executed at a future day, the equitable title passes at once to the vendee, and equity treats the vendor as a trustee for the purchaser of the estate sold and the purchaser as a trustee of the purchase money for the vendor. Dunn v. Yakish, 10 Okla. 388, 61 Pac. 926.

## 3. Specific Performance—Laches as Defense—Limitation of Action.

Where laches is relied upon as a defense to specific performance, it must appear from the evidence that there was actual fraud on the part of plaintiff as well as delay by which defendant was misled to his injury, or resulting in conditions and circumstances such as would make it inequitable to decree specific performance. Otherwise equity adopts the period of the statute of limitations.

## 4. Same—Promptness of Action.

The general rule, requiring a party to act promptly and without delay in asserting his right to specific performance, may be varied by the facts and circumstances of the particular case.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by A. C. Hall against Philip Ware and others. Judgment for plaintiff, and defendant Ware appeals. Affirmed.

Ledbetter & Ledbetter and Coakley & Norman, for plaintiff in error.

Cruce & Potter, for defendant in error.

Opinion by THREADGILL, C. The action in this case was for specific performance of a contract to convey an interest in real estate. The contract between the parties was as follows:

"This agreement made and entered into by and between Philip Ware, for himself and as agent for his wife, Docie Ware, have this day in consideration of $975. sold the mineral rights on the following land to A. C. Hall: 'West half of the northeast of the northwest and west half of southwest quarter of section 15, township 1 south, and range 3 west, containing 100 acres.' The said Philip Ware acknowledges the receipt of $75. cash on said consideration of $975. When the said Philip Ware and wife have executed a valid instrument, conveying said mineral rights, and conveying good title to said mineral rights, the balance of the $975 is to be paid in cash. Witness our hands this 24th day of November, 1920. Philip Ware, A. C. Hall."

On the same day the contract was duly acknowledged.

The action was commenced November 3, 1923. The petition pleaded the contract, the cash payment of $75, the demand for the conveyance, and plaintiff's willingness at all times to pay the balance of the consideration upon execution of the conveyance; that defendant had failed to make the conveyance; that the contract provided that defendant would have his wife, Docie Ware, to join in the execution of the conveyance; that said Docie Ware had no interest in the property; that the same was the individual property of the defendant, and apart from any homestead rights, and plaintiff offered to accept the said mineral grant as provided in the contract without the execution of said Docie Ware. The petition then mentions the interest of the Oklahoma Farm Mortgage Company, and states that the same is inferior to plaintiff's interest; also the interest of Andrew Kingkade, as trustee, and some interest of Guy H. Sigler, and states whatever interests they have are inferior to plaintiff's interest. The petition asks for judgment against the defendant Ware, requiring him individually to convey the mineral rights of the land as provided in the contract, or that the sheriff of the county be required to execute the same. A copy of the contract was attached to the petition, also a copy of the check for $75. The defendant filed his answer consisting of a general denial, and specially denies that he agreed to convey all his rights to the mineral in said land, but alleges the agreement was for an undivided one-half of said rights, and the contract for all was a mistake and not according to the agreement; that the $75 was accepted with the understanding that he was selling only one-half of said mineral rights; that during the same day, after the contract was signed, he learned that the mistake was made and called on plaintiff, to correct the same, and, failing in this, tendered the $75 cash payment to plaintiff, and asked rescission of the contract, which was refused by plaintiff. The said answer tenders the $75 cash payment in open court. Defendant prays that the contract sued upon be declared rescinded

and of no further force and effect. There was a reply of general denial. In the progress of the case, Docie Ware was made a defendant upon application of the mortgage company, and permitted to file an answer. Her answer consisted of a statement that she did not consent to make the contract or sell the mineral rights of the land, and that the contract was made without her knowledge; that the land was her property, because purchased with her money, and same was a homestead, and her rights therein should be protected. She asked for possession of the land, for cancellation of plaintiff's contract, and general relief.

The issues were tried to the court March 28, 1924, and the court gave judgment in favor of the plaintiff against all of the defendants. From this judgment the defendant Philip Ware has appealed. The other defendants have not appealed and make no complaint before this court, and the only questions to be considered here are such as grow out of the issues between the plaintiff, Hall, and the defendant Philip Ware. The errors assigned by the defendant are substantially that the judgment is erroneous, being contrary to the law and evidence, and not sufficient to entitle plaintiff to specific performace; that defendant's demurrer to the evidence should have been sustained. Defendant presents his case under three propositions. The first is stated as follows:

"Specific performance will not lie against one party to the contract when the contract between the parties provides a certain condition and which condition has not transpired."

1. From the argument that follows this proposition, we take it that defendant means that since the agreement provided that he would obtain his wife's signature to the mineral rights conveyance, and since he had failed to obtain it, plaintiff could not enforce specific performance against him. To support the contention, defendant cites the following cases: Rice v. Theimer, 45 Okla. 618, 146 Pac. 702; Hardy v. Deskins, 95 Okla. 108, 215 Pac. 738; Saxon v. White, 21 Okla. 194, 95 Pac. 783; Story's Equity Jurisprudence, vol. 2 (14th Ed.) sections 1016A and 1016B.

The first case was one where Mrs. Theimer was administratrix of her husband's estate, the guardian of her minor children, and agreed to sell her interest in certain lands of the estate, as well as the minors' rights and the adult heirs' interest, to Rice. These several interests were necessary to convey the whole title to the land. The minors' interests were tendered through a guardian sale. Mrs. Theimer tendered her interests, and the adult heirs acquiesced in the sale and expressed their willingness to convey, and the court held that the agreement to sell could be enforced. It may be reasonably inferred that if there had been any failure on the part of any of the necessary parties to comply with the agreement made by Mrs. Theimer, specific performance could not have been enforced. We cannot see how this case supports defendant's contention, for the reason that his wife, Docie Ware, was not a necessary party to the execution of the conveyance agreed upon. She had no legal or equitable interests in the property to be conveyed. The substance of the contract was for full and complete title to all the mineral rights in the grant owned by the defendant and his wife, and since it turned out that she had no interest, her execution, at most, could only be formal, and the defendant had full power and authority to convey all the rights agreed upon without being joined by his wife. It is a well-known rule, that needs no citation of authority, that the court looks to the substance rather than to the form, and the defendant could not plead an unnecessary act as a defense to performance of the contract on his part.

The second case, Hardy v. Deskins, supra, does not support defendant's contention, because the contract involved the approval of the Secretary of the Interior, where the approval was necessary to the validity of the contract, and such approval had not been obtained at the time specific performance was sought.

The third case, Saxon v. White, supra, was one in which the contract was for a title clear and unincumbered. There was a mortgage which the grantor was unable to pay off, and the grantee was not willing to accept the title without the mortgage was released, and the court refused to decree specific performance. This case and the two above mentioned proceeded on the theory that the signature of the third party was necessary to the validity of the conveyance. Section 1016A of Story's Equity Jurisprudence, cited by defendant, has no application whatever to his contention, as it deals with oral contracts to devise land in consideration of services performed. and section 1016B, also cited by defendant, lays down the rule that specific performance of the husband's contract will not be decreed as to the wife's interest in the land in the absence of execution by her. This rule proceeds on the presumption that the wife has some specific interest, but it has no applica-

tion where the wife has no interest. These authorities cited would be applicable to defendant's contention if Docie Ware, his wife, had possessed some substantial interest in the property to be conveyed, but since she had none and her execution was unnecessary to convey the title agreed upon, there is no authority here to deny specific performance because defendant failed to obtain her execution of the conveyance.

2. In support of the judgment against defendant's first proposition, plaintiff contends that the contract upon which the action was based consisted of two parts: First, sale of the mineral rights. Second, an agreement to pay the balance of the consideration when the grant was executed. Defendant agrees, in the first part of the contract—by the words, "have this day in consideration of $975 sold the mineral rights on the following land to A. C. Hall," etc.— under the authorities of this court, to vest and does vest the equitable title in the mineral rights of the land in A. C. Hall; and in the second part of the contract by the words, "when the said Philip Ware and wife have executed a valid instrument, conveying said mineral rights, the balance of the $975 to be paid in cash", the legal title was to be transferred by a proper conveyance and the balance of the consideration was to be paid; and plaintiff cites Dunn v. Yakish, 10 Okla. 388, 61 Pac. 926; Speicher v. Lacy, 28 Okla. 541, 115 Pac. 271, 35 L. R. A. (N. S.) 1066; Donaldson v. Thousand Springs Power Co. (Idaho) 162 Pac. 338; Smith v. Jones, 21 Utah, 270; Linn County Bank v. Grisham (Kan.) 185 Pac. 58. We think these authorities support plaintiff's contention. We must, therefore, hold that from the nature of the contract between the parties and the interest of the defendant in the property involved, the failure to obtain the wife's execution to the legal conveyance was not an impediment to specific performance.

3. In the second place, defendant contends that plaintiff was guilty of such laches that it was error for the court to decree specific performance, citing the general rule as stated in section 1059, vol. 2 (14th Ed.) Story's Equitable Jurisprudence, and other authorities on the question of laches in support of his proposition. The general rule is as follows:

"In general, it may be stated that to entitle a party to a specific performance, he must show that he has been in no default in not having performed the agreement, and that he has taken all proper steps toward the performance on his own part. If he has been guilty of gross laches,

and if he applies for relief after a long lapse of time, unexplained by equitable circumstances, his bill will be dismissed; for courts of equity do not, any more than courts of law, administer relief to the gross negligence of suitors."

Defendant contends that the laches of plaintiff consisted in his waiting about three years before bringing the suit after defendant notified him he would not execute the conveyance; in the further fact that an oil and gas lease was on the land at the time plaintiff and defendant made the contract, and this oil and gas lease did not expire until about November 1, 1923, two days, or a few days, before this action was filed, and when it expired, the title to the oil and gas rights contained in the lease, revested in defendant, and if the contract between plaintiff and defendant was valid, inured to the benefit of plaintiff; in the further fact and circumstance that the lands for oil and gas purposes had increased in value, as there was some development in the adjoining neighborhood.

Admitting all these facts and circumstances to be true, can it be said that they constitute such laches on the part of plaintiff as should in equity defeat his right to recover? Both parties knew, or could have known, when the contract was made that all these facts and circumstances might come to pass. Neither party took any steps to enforce any rights they claimed against each other. Defendant, after signing the contract and receiving the $75 check as a cash payment, went away for a short time and returned on the same day to the office of the plaintiff (according to his testimony), and offered to rescind the contract and deliver up the check, and yet two days thereafter, according to the indorsement on the check, he cashed it at the bank, and at no time thereafter offered to turn the money over to plaintiff until he makes his tender in court. There is no fraud practiced on the part of the plaintiff, and no undue advantage taken, and no promises made to surrender the rights provided for in the contract. The question involved here was before this court in the case of Wilson v. Bombeck, 38 Okla. 498, 134 Pac. 386, and the rule was stated as follows:

"Whilst actions of this class are equitable in their nature and the rights of the parties must be governed by the rules pertaining to suits in equity, the rule is that, in the absence of actual fraud, equity adopts the period of the statute of limitations. Church v. Winton, 196 Pa. 107, 46 Atl. 363. In our judgment, the instant case contains no element of actual fraud and presents no unusu-

al conditions or circumstances such as would make it inequitable to follow the period of limitations of the state for the recovery of real property."

See, also, Snyder v. Stribling, 18 Okla. 168, 89 Pac. 222; Snyder v. Rosenbaum, 216 U. S. 261, 54 L. Ed. 186; Dillon v. Ringelman, 55 Okla. 331, 155 Pac. 568. Under all the facts an dcircumstances, as disclosed by the record, we are of the opinion that there was no laches on the part of the plaintiff such as would in equity defeat his action in this case. Cassidy v. Gould, 83 Okla. 217, 208 Pac. 781.

4. Defendant's third contention is that he gave plaintiff notice that he did not consider himself bound to, and would not perform, the contract, and plaintiff not having acted promptly in asserting his right to enforce the contract, has lost his right to specific performance, citing 36 Cyc. 728, and many other authorities in support of his contention. Defendant invoked the general rule, but the question involved is one of fact to be determined from all the facts in the particular case before the rule is applicable. There can be no hard and fast rule governing all cases, since the facts and circumstances of the particular case must be applied by the court. Defendant might give notice that he did not intend to perform the contract, and thereafter by his actions lead plaintiff to believe he did not mean what he said, and thereby be a party to plaintiff's delay. In the instant case, defendant cashed the $75 check after, he says, he gave plaintiff notice that he would not be bound by the contract, and he kept and made no effort to return it to plaintiff after turning the check into cash until brought into court, which would be sufficient, with all the other facts and circumstances disclosed by the evidence, to take the case out of the general rule. Black on Rescission, vol. 2, p. 1276, says:

"It is also a general principle that a person who knows that he is entitled to rescind a contract cannot wait until suit is brought for payment or other enforcement of the contract, and then set up his grounds of rescission, or at least such a course is regarded with great disfavor by the courts if there has been any considerable lapse of time since his discovery of the facts."

The Supreme Court of Washington, in the case of Higson v. Hughes, 130 Pac. 479, lays down the following rule:

"The burden of acting, and acting promptly, is on the one asserting the right to rescind. To act only after lapse of time and upon suit to recover purchase price, nothing appearing to excuse the delay, will bar the right to rescind."

The trial court had both parties to the action in its presence, and heard all the evidence, and rendered its judgment in favor of the plaintiff and against the defendant, and after reviewing the record and all of the facts and circumstances disclosed by the evidence, we cannot say that the weight of the evidence is against the judgment of the court.

We are therefore of the opinion that the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc. p. 573. (2) 21 C. J. p. 200, §190; 39 Cyc. pp. 1612, 1613. (3) 36 Cyc. p. 724. (4) 36 Cyc. p. 721.