## MAYS et ux. v. ANDERSON.

No. 20314.   Opinion Filed July 14, 1931.

Chapman & Chapman, for plaintiff in error.

A. E. Pearson and Hal Houston, for defendant in error.

CULLISON, J. Parties will be referred to as they appear in the court below. Forrest Anderson, as plaintiff, filed his suit against S. P. Mays and wife, as defendants, requesting the possession of certain real property in Earlsboro, Okla., and for the reasonable rental value of said property. The case was tried to the court without a jury. The evidence discloses that plaintiff was the owner of the property in question, and that he leased said land to one Phillips for a period of one year. The lease also had a

clause giving Phillips the option of renewing the lease.

There was no provision in the lease providing for assignments. Phillips sublet the premises to Mitchell and Savage, and defendant claims to hold under Mitchell and Savage. The evidence shows that, after defendants entered into possession of the premises in controversy, plaintiff demanded payment of rent, and that defendants refused to pay the rent, claiming to be holding under other parties and to have paid other parties. Plaintiff then instituted this action demanding possession of the property and joining therewith his cause of action for the reasonable rental value of the property. The evidence further shows that defendants had surrendered possession of the premises prior to the date of trial. Upon hearing the cause, the court rendered the following judgment:

"The judgment will be for the plaintiff for the amount from April 11, 1927, to August 1, 1928, at the rate of $200 per month."

To reverse this judgment defendants prosecute appeal to this court, and allege as ground for reversal that the findings and judgment of the lower court are not supported by the evidence, and are contrary to the evidence and law.

Section 7350, C. O. S. 1921, provides:

"Tenant may not assign, when. No tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest, or any part thereof, to another, without the written assent of the landlord or person holding under him."

Section 7359, C. O. S. 1921, provides:

"Occupants without contract liable for rent. The occupant of any land, without special contract, shall be liable for rent to any person entitled thereto."

Section 7350, as quoted, provides that no tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his interest without the written consent of the landlord.

The testimony in the case at bar showed that no written assent was ever given by plaintiff for the assignment or transfer of any rights by the original lessee to any other party in the property in question.

The defendant in this case had secured no right to hold the property in controversy under any lease arrangement sanctioned by plaintiff. Section 7359 provides that the occupant of any land, without a special contract, shall be liable for the rents to any person entitled thereto.

Defendants were occupying the land without contract from plaintiff, and were liable for the reasonable rental value of the property. In the case of McBrayer v. Miller, 83 Okla. 179, 200 Pac. 988, this court, in construing section 7359, C. O. S. 1921, said:

"In an action brought by the owner of real estate, or the person entitled to the possession thereof, against the occupant to recover rents, it is not necessary to allege or prove that the relation of landlord and tenant existed between the parties, or that there was an express or implied agreement to pay rent."

At the conclusion of the trial, the court found in favor of the plaintiff, and that the rental value of said property was $200 per month. Also, that defendant was liable for said rent from April 11, 1927, to August 1, 1928, in the total amount of $3,133.30.

In the case of Nunley v. Loftis, 100 Okla. 46, 220 Pac. 841, this court announced the rule that:

"Where matters of fact are tried before the court without the intervention of a jury, the judgment rendered is entitled to the same weight and consideration that would be given a verdict by a jury, and should not be disturbed on appeal, unless same is clearly against the weight of the evidence. Bretch Bros. v. Winston & Sons, 28 Okla. 626, 115 Pac. 796, 33 L. R. A. (N. S.) 576, wherein the court said:

" 'It has time and again been held by this court that: "Where a case is tried by the court without the intervention of a jury upon controverted questions of facts, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence. Where the testimony is oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.'"

"And the same rule is announced in the Interstate Bldg. & Loan Co. v. Oklahoma City, 84 Okla. 227, 203 Pac. 172, and in many other Oklahoma opinions."

We have reviewed the record and the evidence, and find that the findings and judgment of the trial court are amply supported by the evidence, and correct under the law as cited.

In accordance with the above authorities, we hold that the judgment of the trial court should be affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.