BERRY v. OPEL.

No. 31627.   Dec. 19, 1944.

*154 P. 2d 575.*

Porter Newman, of Durant, for plaintiff in error.

Roy B. David, of Durant, for defendant in error.

PER CURIAM. This action was instituted in a justice of the peace court of Bryan county by George Opel, hereinafter referred to as plaintiff, against E. B. Berry, hereinafter referred to as defendant, to recover the possession of real estate and damages for its detention. Plaintiff had judgment in the justice court and defendant appealed to the district court, where a jury was waived and the cause was tried de novo to the court. Plaintiff had judgment in said court for the possession of the premises involved and the sum of $60 for its illegal detention. Defendant has prosecuted this appeal.

As grounds for reversal the defendant contends, in substance, that he was a tenant at will rather than at sufferance, and since he had not been given written notice of the termination of tenancy, that the action should have been dismissed; and, further, that a judgment against him for damages on account of alleged illegal detention of the property was unauthorized. The only notice given by the plaintiff to the defendant was the notice required by 39 O.S. 1941 § 395, preliminary to the commencement of a forcible entry and detainer action.

The judgment rendered by the district court in favor of the plaintiff is to be measured by the relation existing between the plaintiff and defendant at the time of the commencement of the action. The action was commenced on January 4, 1943. The record discloses that defendant had originally gone into possession of the property under an oral agreement for a term of one year and that he had thereafter continued in the possession of the property for a number of years as a tenant at will with the express implied consent of plaintiff until 1941, when he was orally advised that due to the fact that the United States Government had acquired the greater portion of the premises, after the expiration of the year 1941 plaintiff would have to have some one else on the property, and at which time the defendant orally agreed to surrender the premises and move to another location; that thereafter, without the consent either express or implied of plaintiff, the defendant continued to occupy the premises and was so occupying them when the instant action was instituted. It is settled law that where a tenant goes into possession of real estate for a definite term under contract and continues to hold possession of the property after the expiration of the fixed tenancy, with the consent, express or implied, of the landlord, that the possession is thereafter a tenancy at will and requires no notice from either of the parties to terminate the relation. It is also settled law that where a tenant for a term holds over after the expiration of the term without the consent, either express or implied, of the landlord, the tenancy becomes one at sufferance. Hancock v. Maurer, 103 Okla. 196, 229 P. 611, and cases therein cited. Under the evidence it appears that the holding by the defendant after January 1, 1942, was without the consent, either express or implied, of the plaintiff, and therefore the defendant became a tenant at sufferance and was not entitled to notice to terminate such tenancy.

The contention of the defendant that judgment against him for damages was improper is predicated upon the theory

672

that plaintiff is only entitled to recover rent for the premises during the term that it was occupied, and that since he had made no such allegation in his bill of particulars but had merely sought to recover damages for the wrongful detention of the premises during the year 1942, a judgment therefor was improper. In support of the contention so made our attention is directed to Anglea v. McMaster, 17 Okla. 501, 87 P. 660; Rogers v. Bass & Harbour Co., 47 Okla. 786, 150 P. 706; Thraves v. Greenlees, 42 Okla. 764, 142 P. 1021. An examination of the cited cases will reveal that they are authority for the rule that a judgment outside of the issues is improper and ineffective for any purpose, but that they do not have application to the facts here involved. As said in Mays v. Anderson, 150 Okla. 255, 1 P. 2d 705:

"Where an occupying tenant is upon land without a contract, express or implied, from the owner thereof, such occupying tenant is liable for the reasonable rental value of said premises while so occupied."

Whether denominated rent or damages plaintiff was entitled to recover the detriment sustained as a result of the illegal detention of his property. The court found from the evidence that plaintiff had been damaged in the sum of $60, a sum much less than that claimed in the bill of partculars and less than that shown to be the rental value of the premises. There is competent evidence in the record to sustain the judgment in this respect.

The action was one of legal cognizance in which a jury was waived, and in such case the judgment of the court will be accorded the same respect as a verdict of a properly instructed jury, and where there is any competent evidence to support it, it will not be disturbed by this court. No reversible error of law has been made to appear.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.