Bill PETTIT, Plaintiff in Error,

v.

Mary Hugo VOGT et al., Defendants in Error.

No. 43626.

Supreme Court of Oklahoma.

March 7, 1972.

Rehearing Denied April 11, 1972.

Baumert & Cornish, McAlester, for plaintiff in error.

Jones & Jones, W. S. Horton, McAlester, for defendants in error, Mary Hugo Vogt, M. L. Hugo, Emro Hugo idw Emery Hugo, Helen Hugo Klements, Stephen Hugo idw Steve Hugo, Alice Hugo Forsythe, Viola Hugo Parsons and James Hugo.

Bratton, Allford & Ashmore, McAlester, for defendant in error, Atlantic Richfield Co., successor to Sinclair Oil and Gas Co.

McINERNEY, Justice:

By amended petition, plaintiffs, who are the devisees of Mary Hugo, deceased, and the heirs of a deceased devisee, sought to quiet title to 118 acres of land against the claims of Bill Pettit (defendant) and the unknown heirs of the deceased devisee. With the quiet title action, plaintiffs joined an action to recover possession of the property from defendant. Further plaintiffs alleged a claim against defendant for reasonable rental value of the property as damages for holding the property after expiration of his lease term. Plaintiffs also requested a determination of heirs of the deceased devisee.

In an amended answer and cross-petition, defendant alleged that he leased the property from M. L. Hugo, one of the plaintiffs; that the lease was executed by M. L. Hugo for the benefit of all plaintiffs; that plaintiffs had accepted the consideration provided in the lease contract with full knowledge of the terms of the lease; that one of the terms of the lease was an option to purchase the property; and that he elected to exercise the option and tendered the purchase price to M. L. Hugo. Based on these allegations, defendant requested an order requiring plaintiffs to convey the property to him. In the alternative, he sought to recover damages from M. L. Hugo for breach of contract.

Replying, plaintiffs, except M. L. Hugo, denied any knowledge of the lease contract, denied receipt of any consideration under the lease and denied that M. L. Hugo had either oral or written authority to represent them in executing the lease, granting the option to purchase or conducting any other transaction connected with the property. In an amended reply, plaintiff M. L. Hugo admitted executing the lease contract, but denied that he was authorized to act as agent for the other plaintiffs, that he purported to act as agent for them, or that they had any knowledge of the lease. Further, he denied granting an option to purchase, receiving any consideration for an option or being tendered the purchase price. Instead, he claimed that, without his knowledge, the option to purchase clause had been added to the lease contract since execution, and alleged that, since execution, defendant had asked him to get the other heirs to agree to sell the property.

With permission of the trial court, Sinclair Oil and Gas Company, now Atlantic Richfield Company, intervened in the case. Alleging ownership of an oil and gas lease executed by plaintiffs, intervenor sought to

quiet title to its interest under the oil and gas lease against the claims of all plaintiffs and defendants. Only defendant answered intervenor's petition.

Two of the plaintiffs died while the case was pending in the trial court. Their personal representatives have been substituted as parties to the action. One of the plaintiffs who died was M. L. Hugo, but his deposition was taken prior to his death. At the same time, the deposition of defendant was also taken.

Subsequently, intervenor moved for judgment under Rule 13, Rules for the District Courts of Oklahoma, 12 O.S.1971, following § 84 (Ch. 2, App.), and plaintiffs moved for summary judgment. Sustaining intervenor's motion for judgment under Rule 13, the trial court rendered judgment against plaintiffs, defendant and unknown heirs, quieting intervenor's title to the oil and gas leasehold estate. On some issues, the trial court sustained plaintiffs' motion for summary judgment, but overruled the motion as to other issues. Plaintiffs, except M. L. Hugo, were granted summary judgment against defendant and unknown heirs, and defendant was ordered to surrender possession of the property to plaintiffs. The trial court ordered that the case proceed to trial to determine the amount of rent, if any, owed to plaintiffs by defendant, and to determine the damages, if any, due to defendant from the estate of M. L. Hugo for breach of contract.

Defendant appealed from the judgment for intervenor under Rule 13 and appealed from the summary judgment in favor of plaintiffs. Plaintiffs did not appeal from the judgment against them quieting intervenor's title to the oil and gas leasehold estate; thus, that judgment is not involved in this appeal. Nor is the summary judgment against the unknown heirs involved in this appeal.

This appeal was assigned to Division No. 1 of the Court of Appeals. The Court of Appeals affirmed as to intervenor and reversed as to plaintiffs. Certiorari is not sought by the parties to review that part of the decision affirming the judgment of the trial court in favor of intervenor. We reverse the decision of the Court of Appeals which set aside the summary judgment in favor of the plaintiffs.

■ When the pleadings, affidavits, depositions, admissions or answers to interrogatories show that there is no substantial factual controversy and that a party is entitled to judgment as a matter of law, the trial court should grant a motion for summary judgment. And, if summary judgment is proper on some issues, but not proper on other issues, the trial court should grant summary judgment on those issues not in controversy and direct that the case proceed on the other issues. Rule 13, Rules for the District Courts of Oklahoma, 12 O.S.1971, following § 84 (Ch. 2, App.); Perry v. Green, Okl., 468 P.2d 483 (1970).

At the time this action was commenced, it was undisputed that defendant was in possession of the property and that he acquired possession under a lease contract for a term which had previously expired. Plaintiffs asserted title to the property and claimed a right to possession of the property. Defendant did not dispute plaintiffs' title to the property. Instead, he claimed that plaintiffs had contracted to sell the property to him and requested that plaintiffs be required to convey the property to him. Thus, we must first determine the validity of the contract.

■ Though defendant admitted that M. L. Hugo was the only plaintiff to execute the contract, defendant claimed that M. L. Hugo executed the contract as agent for the other plaintiffs. Before an agent's contract for the sale of real property will be valid and enforceable against his principal, the agent's authority to make the agreement must be in a writing subscribed by his principal. 15 O.S.1971, § 136(5); House v. Boylan, 186 Okl. 124, 96 P.2d 532 (1939).

■ Defendant does not contend that M. L. Hugo had written authority from the other plaintiffs to make an agreement

to sell the property. Rather, he argues that plaintiffs ratified the contract by remaining silent and failing to repudiate this unauthorized act of M. L. Hugo. However, the doctrine of ratification does not apply to an act claimed to have been ratified by a principal unless the act was done by one who purported to act as agent for the principal. Statser v. Chickasaw Lumber Co., Okl., 327 P.2d 686, 690 (1958); Madill State Bank v. Weaver, 56 Okl. 183, 154 P. 478 (1915). In the deposition, defendant testified that M. L. Hugo claimed to be the owner of the property and that M. L. Hugo did not purport to be the agent of anyone. Accordingly, excluding the successors of M. L. Hugo, defendant does not have a contract to purchase the property which is valid and enforceable against plaintiffs.

In deposition testimony, M. L. Hugo admitted execution of the lease contract. And he admitted signing a verified petition in another case which alleged that Bill Pettit had an option to purchase the property. But he denied that the lease included an option to purchase and denied that he received any consideration for an option to purchase. On the other hand, defendant testified in his deposition that the option to purchase was in the lease at the time of execution and that a portion of the stated consideration constituted consideration for the option. This deposition testimony shows that a substantial factual controversy exists as to whether a valid contract for sale of the property was entered into between M. L. Hugo and Pettit.

■ Even assuming that defendant will be able to establish the validity of the contract against the successors of M. L. Hugo, defendant still would not be entitled to have the property conveyed to him because the contract is invalid against the other plaintiffs. Hardy v. Deskins, 95 Okl. 108, 215 P. 738 (1923). If, however, the validity of the contract is established against the successors of M. L. Hugo, defendant would be entitled to any damages resulting from breach of the contract by M. L. Hugo.

Therefore, the successors of M. L. Hugo and Pettit should proceed to trial to determine whether the estate of M. L. Hugo is obligated under the contract, and if so, to determine the amount of damages, if any, which resulted from breach of the contract, since this is the relief sought by defendant if a breach of the contract is established.

■ Defendant's only defenses to plaintiffs' quiet title action and action for possession were based on the alleged contract for sale of the property. Since that contract is invalid and unenforceable, as a matter of law, against all plaintiffs except the successors of M. L. Hugo, plaintiffs, except the successors of M. L. Hugo, are entitled to judgment quieting title to their undivided interests in the property against the claims of defendant and are entitled to recover possession of the property from defendant.

■ In an action to recover possession of real property, a plaintiff must establish the allegations of his petition. 12 O.S. 1971, § 1142. Although defendants' pleading admitted plaintiff's right to possession in Herron v. Lanthin, 205 Okl. 221, 236 P.2d 692 (1951), the Court reversed a judgment on the pleadings in favor of plaintiff because there had been no proof of the allegations in plaintiff's petition. In the case now before the Court, the allegations of plaintiffs' petition were established not by the pleadings alone, as in *Herron*, but by depositions which may be considered, in the posture of this case, as evidentiary proof to support the judgment.

■ In deposition testimony, defendant admitted that he had not paid rent on the property since expiration of his lease, and he testified that M. L. Hugo had requested additional rent. Therefore, as a matter of law, plaintiffs are entitled to the reasonable rental value of the property since expiration of the lease. 41 O.S.1971, § 19; Mays v. Anderson, 150 Okl. 255, 1 P.2d 705 (1931). On the trial of the case, however, it will be necessary to determine

what amount constitutes a reasonable rental value.

The judgment of the Court of Appeals is reversed in part. The judgment of the trial court is affirmed. The case is remanded to the trial court for further proceedings.

DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER and BARNES, JJ., concur.