## Ex parte MOSIER.

No. 17150—Opinion Filed March 16, 1926.

Rehearing Denied April 27, 1926.

(Syllabus.)

1. **Infants—Divorce—Contempt — Imprisonment of Minor Husband for Failure to Pay Temporary Alimony and Suit Money.**

Where it is shown that the petitioner for a writ of habeas corpus had brought suit by his next friend for a divorce from the petitioner's wife, and the wife appeared in said action and upon application to the court for temporary alimony and other costs necessary to her defense in said action, and the court by proper orders allowed such sums and ordered the payment thereof by the petitioner, and the petitioner thereafter ignored said order of the court, and upon proper citation by the court ignored such citation, and the the court thereafter adjudged the petitioner guilty of contempt and issued an attachment for the body of the petitioner and confined such petitioner in jail, this court will not release the petitioner from confinement in jail merely on the grounds that the petitioner was a minor during the time that the proceedings were had in the district court, and was a minor at the time that he was so confined in jail.

2. **Infants—Marriage as Ending Authority of Parent or Guardian.**

Under the statutes of the state of Oklahoma, the authority of a parent over his child ceases on the marriage of such child, and the guardianship over the person of the ward is suspended by the marriage of such ward.

Original action for a writ of habeas corpus by Walter L. Mosier. Writ denied.

Harris & Yarbrough, J. B. Griffin, and Leitus G. Williams, for petitioner.

Burford, Miley, Hoffman & Burford, for respondent.

LESTER, J. This is an original action brought by Walter L. Mosier, in which he prays that this court issue a writ of habeas corpus and release him from the county jail of Oklahoma county. His imprisonment in the county jail was caused by the district court of Oklahoma county confining the petitioner to jail for his refusal to obey the orders of the district court decreeing that the petitioner pay into the court certain moneys which the court had theretofore adjudged that the petitioner should pay on account of a certain divorce proceeding then pending between the petitioner as plaintiff and the wife of the petitioner as defendant.

An examination of the record in this case shows that the petitioner and his wife, Ida Mosier, were married on the 8th day of March, 1924, at Little Rock, Ark.; that the petitioner at the time of his marriage was 19 years of age, and that his wife, Ida Mosier, was 16 years of age; that shortly after their marriage they removed to Oklahoma, and thereafter separated. On the 17th day of October, 1924, the petitioner filed a suit in the district court of Oklahoma county for absolute divorce from his wife, Ida Mosier. The petition set out various causes of action for divorce from his wife. On the 20th day of January, 1925, the petitioner's wife filed her answer to the petition of the petitioner herein, in which she denied each and every material allegation set forth in the said petition. On December 6, 1924, in the action pending in the district court of Oklahoma county between the petitioner and his wife, Ida Mosier, the said Ida Mosier filed an application for suit money, temporary alimony, and attorneys' fees. She set forth in the said application that she was penniless and wholly without means to prepare an adequate defense in the said cause then pending and was unable to employ attorneys to represent her; that she was then an invalid, suffering from a loathsome disease contracted from the petitioner and in need of funds for medical treatment, and in her application she alleged that the petitioner had ample funds and an estate of the approximate value of $150,000. The district court, on the 8th day of December, 1924, heard said application and made an order allowing the wife of said petitioner a sum of $100 per month as temporary alimony, the first payment to be paid on or before the 20th of December, 1924, and on each 30 days thereafter until the final hearing and determination of said cause. The court also allowed the sum of $250 suit money, and temporary attorneys' fees in the sum of $1,000.

It appears that the petitioner wholly ignored said order of the court and failed and refused to comply with any of the terms of

the same. On May 19, 1925, there was filed in the district court of Oklahoma county an application for citation, in which said application set forth the failure of the petitioner to comply with the order of the court of December 8, 1924, and praying that the respondent be cited for contempt. The court thereupon issued an order of citation to the petitioner, which was by the sheriff of Tulsa county duly served upon said petitioner. On May 28, 1925, said citation commanded the petitioner to appear in the district court of Oklahoma county, on the 30th day of May, 1925, at 9 o'clock of said day, and show cause why he should not be punished for contempt. On the 18th day of June, 1925, the petitioner appeared by H. C. Hargis, his attorney of record, and Ida Mosier, wife of the petitioner, appeared in person and by her attorneys. The petitioner introduced evidence upon his behalf, and thereafter evidence was introduced upon the part of Ida Mosier, wife of said petitioner. After the close of the testimony upon the part of Mrs. Mosier, wife of the petitioner, the attorney of record for the petitioner moved the court to render judgment in the case dismissing the petition and the cross-petition for the reason and upon the ground that the court had no jurisdiction of the subject-matter, because neither party was a resident of Oklahoma county at the time of the filing of the petition. This motion was by the court overruled, to which the petitioner duly excepted. Thereupon the court made the following statement (C-M. 143):

"The Court: The court is of the opinion that at the time this suit was filed by the plaintiff that he was an actual resident of Oklahoma county, and that the court acquired jurisdiction of this case, and the parties to it."

A motion for new trial was filed by the petitioner, which was by the court overruled, and the court thereupon entered its journal entry. The court as part of its decree rendered the following findings (C.- M. 159):

"The court further finds that heretofore and upon hearing, at which time both parties were represented, this court had ordered the plaintiff to pay alimony pendente lite at the rate of $100 per month, $250 suit money and $1,000 temporary attorneys' fees for and on behalf of the defendant and her attorneys; that no part of the same has been paid; that heretofore citation for contempt for failure to obey said order had been issued and duly served upon the plaintiff prior to the return day thereof, and that the plaintiff had failed to make appearance, answer or response to said citation to show cause why he should not be punished for contempt, and had to this day failed to obey the order of the court, or any part thereof. The court therefore finds that the plaintiff is in deliberate contempt of this court and of its orders heretofore made in this action."

Thereafter the petitioner took an appeal from the district court of Oklahoma county to the Supreme Court, but did not supersede the judgment of the district court. Thereafter an attachment was issued for the body of Walter L. Mosier for contempt of the orders made by the district court of Oklahoma county, and by virtue of the said attachment and confinement thereon, the petitioner claims that he is illegally restrained of his liberty.

The record in this case shows that the petitioner is 19 years of age; that his wife, Ida Mosier, at the time of her marriage to the petitioner was 16 years of age, and while attending the high school at Hot Springs, Ark., and without knowledge of her parents, she was induced by the petitioner to marry said petitioner; that at the time of his marriage to Ida Mosier he was affected with syphilis in an advanced stage; that he communicated this disease to his wife; that they thereafter removed to Osage county, Okla., where they resided for a while; that while living in Oklahoma he assaulted his wife and that his mistreatment of her was such that the petitioner and his wife separated and the wife returned to her parents in Hot Springs, Ark. That the petitioner subsequently came to Oklahoma City, where he employed attorneys to bring an action for divorce from the petitioner's wife; that the petition was prepared by his attorneys; that said petition set forth that the petitioner was a resident of Oklahoma county, Okla., and the petitioner verified the said petition before a notary public and the same was filed in the district court of Oklahoma county. That after the defendant filed her answer, in which she alleged gross mistreatment upon the part of the petitioner and asked for alimony in a large sum, together with suit money and attorneys' fees, the petitioner then attempted to dismiss his action against his wife for and on account of the fact that he was not a resident of Oklahoma county at the time he filed his petition. This motion was by the court duly overruled.

It is apparent from the record that, after the petitioner discovered that his wife intended to contest the grounds of the divorce as set forth by petitioner's petition, and the wife of said petitioner had filed a cross-petition in which she set forth gross mistreatment upon the part of the petitioner, it then became the desire of the petitioner to avoid the issues thus formed in the action in the district court of Oklahoma county.

The record also shows that the petitioner ignored the orders of the court made and entered on the 8th day of December, 1924, in which the court ordered the petitioner to pay into court certain moneys for temporary alimony, suit money, and temporary attorneys' fees. That thereafter, when he was served with citation of contempt, he wholly ignored the same. On the 18th day of June, 1925, he appeared by his attorney and introduced testimony in said action, and after the conclusion of the hearing thereon the court adjudged the petitioner guilty of contempt of court, and, as hereinbefore recited, an attachment was issued for the petitioner and he was lodged in the county jail of Oklahoma county.

The testimony in the hearing showed that the petitioner was 19 years of age, an able-bodied man; that his weight was about 180 pounds, and that his estate amounted to something over $150,000. It further shows that he had an income from said estate of $12,000 per year, and that he receives $500 each three months from the funds held by the U. S. Government, through the department.

From the record in this case it is evident that the petitioner, after marrying a school girl of the age of 16 years, then caused her to be infected by a loathsome disease, which has severely injured her health; that he committed other acts of gross mistreatment which showed an abandoned and wicked spirit upon the part of the petitioner; that he now seeks to cast his young wife off without any assistance whatsoever. And from the time that the petitioner learned that his wife intended to contest his suit he has undertaken every means and method to avoid and escape the issues joined in the suit brought by the petitioner in Oklahoma county. He attempted to dismiss the case for the alleged reason that he was not a resident of Oklahoma county at the time that he filed his petition in said cause. This motion was overruled by the trial court, and later, when the cause came on for hearing, the trial court found from the evidence that the petitioner was a resident of Oklahoma county, and from the examination of the record as to the residence of the petitioner, we think the court was justified in this finding.

The petitioner further attacked the proceedings in the district court for the reason that he asserts that the court had no jurisdiction to render the judgment it did, for the reason that the parties to the said action were minors. We have carefully examined the authorities submitted by the petitioner on this question, and do not think that they are in point.

The petitioner, by his next friend, brought the suit in the district court of Oklahoma county, and thereafter the wife of the petitioner in her answer denied the general allegations of said petition and asked for affirmative relief.

Section 6591, C. O. S. 1921, provides:

"The power of a guardian appointed by a parent is superseded:

"First. By his removal, as provided in the preceding section.

"Second. By the solemnized marriage of the ward.

"Third. By the ward's attaining majority."

Section 6592, C. O. S. 1921, provides:

"The power of a guardian appointed by court is suspended only: * * *

"Third. The guardianship over the person only of the ward, by the marriage of the ward."

Section 8031, C. O. S. 1921, provides:

"The authority of a parent ceases:

"First. Upon the appointment by a court of a guardian of the person of the child;

"Second. Upon the marriage of the child; or,

"Third. Upon its attaining majority."

Thus we find from each of these sections that the personal guardianship by the parent or the guardian appointed by the court ceases when such minor marries.

The court in the case of Burdette v. P. H. Corgan, 26 Kan. 102, in its syllabus No. 2, said:

"Wherever a minor seeks affirmative relief by any action or proceeding, such minor may appear by his next friend or guardian and apply for such relief, and after a ruling upon such application will not be heard to say that he had no power to thus appear."

There are other objections by the petitioner as to the regularity of the proceedings upon the part of the district court. We find that these objections are wholly without merit.

The writ is denied.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS and RILEY, JJ., concur. CLARK, J., dissents.

Note.—See under (1) 31 C. J. p. 1009 § 38 (Anno). (2) 28 C. J. p. 1097 §§ 116, 117; 29 Cyc. p. 1673.