Evelyn Jean DAUBERT, as next friend for her Minor Child, Edward F. Daubert, Jr., Plaintiff in Error,

v.

James Earnest MOSLEY, Defendant in Error.

No. 43268.

Supreme Court of Oklahoma.

July 13, 1971.

Woodrow McConnell, Oklahoma City, for plaintiff in error.

Kenneth N. McKinney, Duvall, Head, McKinney & Travis, Oklahoma City, for defendant in error.

BERRY, Chief Justice.

This is an appeal from a trial court order and judgment sustaining defendant's Motion For Summary Judgment and dismissing a personal injury action brought on behalf of an emancipated minor by his mother as next friend. The sole issue involves the trial court's finding that a release executed by the minor was a valid, enforceable contract not subject to disaffirmance.

Plaintiff, nineteen years old, married and an expectant father, accompanied by his wife, was involved in an automobile collision with defendant's vehicle on December 2, 1966. An action for damages charged defendant with negligence, for which plaintiff claimed damages for personal injuries, together with causes of action for property damage, medical expenses, and loss of consortium and services of his wife.

Defendant answered setting up a settlement agreement executed by plaintiff and his 16 year old wife with defendant's insurance carrier. This agreement released all claims for property damage for cash payment ($283.75), and the insurer's further agreement to pay up to $1,000.00 for medical expenses incurred within 180 days as a result of the accident.

Plaintiff replied alleging facts of minority and admitting execution of the release in consideration for payment of property damages and agreement to pay future medical expenses if necessary. Further, plaintiff was not aware execution of this agreement, at the adjuster's insistence, would release all claims of this minor, and his 16 year old wife, resulting from this accident. And, this release was executed only because the adjuster represented payment was for loss of the automobile and medical expenses. Plaintiff then pled disaffirmance and revocation of the release, and agreed payment should be off-set against any judgment which might be received.

The issue as to this minor's attempted rescission of the release was separated as an issue for trial to the court. At conclusion of this trial the court found as fact, and concluded as a matter of law, the executed release was a valid, enforceable contract, and plaintiff's prayer to rescind and

set aside the release should be denied. The motion for summary judgment was sustained and plaintiff's action ordered dismissed upon condition of the parties' full compliance with terms and conditions of the release.

In brief plaintiff's argument for reversal of the judgment is that by statute, 15 O.S. 1961, § 13, a male under 21 years of age is a minor. Further, under 15 O.S.1961 § 19, a contract executed by a minor over 18 years of age may be disaffirmed by restoring the consideration, or payment of the equivalent with interest. Since disaffirmance is a privilege personal to a minor, commencement of suit constitutes unequivocal renunciation sufficient to avoid the contract executed during minority. See Ryan v. Morrison, 40 Okl. 49, 135 P. 1049; Grissom v. Beidleman, 35 Okl. 343, 129 P. 853; 43 C.J.S. Infants § 76c et seq. Additionally plaintiff quotes from Kennedy v. Raby, 174 Okl. 332, 50 P.2d 716, and urges fraud should be implied upon part of the insurance adjuster who called upon the parties and secured the release two days after the collision. Examination of that decision discloses positive evidence of fraudulent representation and overreaching, at a time when plaintiff's comprehension and understanding were affected and plaintiff was incapacitated for transaction of business. These matters were put in issue by the pleadings, and the issues (of fraudulent representations and lack of comprehension) were submitted to the jury by proper instructions that plaintiff was required to prove same by clear and cogent evidence in order to avoid the release.

No issue of fraud in inducement was tendered by pleadings herein. Fraud is never to be presumed, but must be pled and proved by clear and satisfactory evidence. Argument that fraud should be implied, from circumstances surrounding execution, as grounds for revocation of plaintiff's release is unpersuasive.

Plaintiff's premise for urging reversal simply is that, by statute and decisional law, a minor has a personal right to disaffirm any contract. As a general statement of law this is correct. However, neither the premise nor argument on appeal presents the problem from the standpoint of validity or revocability of a contract executed by an emancipated minor.

Our statute, 10 O.S.1961 § 10, declares:

"The authority of a parent ceases:

"1. Upon the appointment by a court of a guardian of the person of the child;

"2. Upon the marriage of the child, or;

"3. Upon its attaining majority."

In Ex parte Mosier, 114 Okl. 234, 245 P. 992, petitioner was a 19 year old, able-bodied man who married a girl 16 years of age. The parties married in Arkansas, moved to Oklahoma and separated, the wife then returning to Arkansas. Petitioner filed suit for divorce by his next friend, alleging residence in Oklahoma County. The wife answered contesting divorce, and the court entered temporary orders which petitioner refused to obey. Petitioner then was adjudged guilty of contempt and order of attachment issued. Upon appeal from this order petitioner contended the trial court lacked jurisdiction to enter judgment because the parties were minors. Pointing to the statute (30 O.S.1961 § 19) declaring when powers of a guardian are superseded, or to cessation of a parent's authority under the quoted statute, we declared either personal guardianship of a parent, or that of a court appointed guardian, ceases upon a minor's marriage.

In Roxana Petroleum Co. v. Cope, 132 Okl. 152, 269 P. 1084, 60 A.L.R. 837, a parent sued to recover damages for negligent injuries to a minor son, whose injury while engaged in hazardous occupation had been discharged by payment of compensation. Affirming judgment for the parent, we quoted the above statute, and declared emancipation of a minor could not occur for reasons other than those enumerated.

From the foregoing we necessarily conclude that upon marriage minors are

emancipated from parental control. Under this circumstance, the question then concerns whether emancipation extends to usual, ordinary, or normal business relationships, or is confined only to matters of parental custody and control over earnings. The great diversity of decisional law upon this subject is observable by reference to annotations in 69 A.L.R. 1368; 78 A.L.R. 387; 95 A.L.R. 1182. To be noted, however, is the fact relatively few cases dealing with rights of minors to disaffirm contracts dealt with situations involving emancipated minors.

What amounts to emancipation is a question of law. It is undisputed that emancipation had taken place under our statute, supra. Generally, however, emancipation does not make an infant sui juris for all purposes, and does not affect a minor's incapacity to contract for things not considered as necessaries, although an important factor in determining whether a particular transaction is for necessaries. 42 Am.Jur. (2) Infants § 3; 39 Am.Jur., Parent & Child § 64; Ragan v. Williams, 220 Ala. 590, 127 So. 190, 68 A.L.R. 1182.

What constitutes necessaries is a relative, somewhat flexible term, depending upon social position, the infant's fortune and situation in life, or other circumstances, as determined from particular facts and circumstances of each case, and not confined to what is required for bare subsistence. See 43 C.J.S. Infants § 78 b(1), and supporting citations; Williston on Contracts (3rd) § 241.

In Merrick v. Stephens (Mo. App.) 337 S.W.2d 713, 720, that court stated emancipation combined with necessity often enlarges the category of what is necessary. Right to recover from an infant does not arise from express contract between the parties, but from a quasi-contractual relationship which arises by operation of law. Thus an infant's liability is wholly a creation of the law. Parsons on Contracts (9th Ed.) § 341.

This record shows the infant left highschool, served in the Army in 1965 and was a member of the organized reserve; had held various jobs, including employment where injured and received workman's compensation benefits; married in September, 1966, and provided a home for wife and child born shortly after this accident; owed medical bills which were his personal responsibility, and owned a car because of necessity for travel to and from work.

Among the items included in the release contract, all medical expenses arising from the accident would have constituted necessary charges for which personal responsibility would have attached without defendant's settlement therefor. Other than items for ambulance and hospital expense on night of the accident ($16.25) and lost wages ($27.00), the cash payment for execution of this release was to settle claims for the infant's automobile damage.

Without implying a release contract primarily requires sequestration of allowed items, we are constrained to separate consideration as to whether an emancipated infant's automobile properly is includable among necessaries for which the infant may contract.

We have not been called upon heretofore for specific declaration whether an automobile comes within the category of necessaries for which an emancipated minor may contract. In this circumstance the reasoning in Ehrsam v. Borgen, 185 Kan. 776, 347 P.2d 260, is persuasive. There plaintiff sued defendant to recover damages for injuries incurred while a passenger in defendant's car. The parties drove to their work on a share the ride basis, and were traveling in a car owned by defendant, 20 years of age, required to drive to his work in order to earn a livelihood. Defendant defended upon ground of minority and disaffirmed any share-the-ride contract or agreement. The Kansas court held the guest statute did not except minors, and when owner accepted payment or benefits the statute had no application. A trial court judgment was reversed upon basis of specific holding the contract was not subject to disaffirmance. Pointing out

that since 1680 a horse was a necessity to a minor for carrying out necessary affairs, that court reasoned:

"It might be said that earlier in the history of our country, when industry was centralized in cities or industrial communities where housing was adequate and public transportation, by way of the streetcar, the bus or the community train, was available to all, private transportation was not necessary for one getting to and from his work. However, since World War II there has been a tremendous growth in our country's population, and in this highly industrial age, where industry has the tendency to decentralize and move to less populated or rural communities within which there is a shortage of housing and very little, if any, public transportation available, the worker is, as a result, required to commute long distance to and from his place of employment. We are, therefore, of the opinion that private transportation for the worker is now a necessity and an agreement made by a minor for such transportation is binding and not subject to disaffirmance for the reason of minority alone."

Also see In re Greer, an Emancipated Minor (La.), 184 So.2d 104, wherein 13 year old emancipated minor was held to possess legal capacity to prosecute claim for husband's wrongful death.

Historically, the law has guarded rights of infants in order to protect them from imposition resulting from weakness, inexperience and immature judgment. The protection accorded infants by the law does not extend to requiring those who deal with them in good faith to be overlooked entirely. The quality of justice in the law, not the quality of efficacy in the infant's agreement, is the basis of the right of the person who has furnished necessaries to hold the infant bound therefor.

Those items included as medical expenses in the release contract unquestionably were necessaries for which the emancipated minor was bound. Where emancipated by marriage and obligated to secure a livelihood for a family the rule of necessity usually is extended. In our opinion private transportation secured by a married minor in aid of his quest for a livelihood should be considered a necessity. The release contract sought to be disaffirmed related to necessities of the emancipated minor. The trial court properly determined the contract was enforceable and not subject to disaffirmance.

Affirmed.

WILLIAMS, BLACKBIRD, JACKSON, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.

DAVISON, V. C. J., concurs in result.